Madden, Judge,
delivered the opinion of the court:
The plaintiff sues for the retired pay of an officer retired for disability incurred in military service.' He is receiving the retired pay, lesser in amount, of an officer retired after 20 years of service. ■ 1
The plaintiff served in the National Guard from 1909 to 1911, and in the United States Army in-1918. In 1930 he *648 was commissioned a Major in the Officers Reserve Corps (Specialist)', and in 1942 entered upon extended active duty with the Army Ah* Corps.; He was promoted to Lieutenant Colonel in 1947. In October 1948, he was hospitalized and a Medical' Disposition Board, on January 24, 1949, made findings as to various incapacities of the plaintiff, and recommended that..the be ordered to appear before an Air Force Retiring Board. The Medical Disposition Board found that the several incapacities were incident to the plaintiff’s military sérvice, but found that none of them constituted a disability for. military service, and found further that the plaintiff.'was qualified for overseas service. The Board’s recommendation was that the plaintiff “be ordered to appear before an Air Force Retiring Board for administrative purposes.”
The plaintiff appeared before an Air Force Retiring Board which, on March-9,1949, foúnd that he was not permanently incapacitated for active service. On June 6,1949, by Special Orders of the'Army Medical Center, Washington, D. C., it was ordered that' the plaintiff revert on June 8, 1949, to inactive duty “Not by reason .of physical disability.” On July 24,1950, the plaintiff applied for retirement on account of age, and was placed on. the Retired List as of September 1, 1950, as an officer who had reached the age of 60 and had had 20 years.or móre of satisfactory Federal service. In that status he has.received retirement pay at the rate of $127.99 per month. If he had been retired for physical disability incident to service his retired pay would have been 75 percent of his .active-duty pay.
From June 9,1949, at' least until his retirement for age and length of service on September 1, 1950, the plaintiff received compensation from the Veterans’ Administration on the basis that he was 40 percent disabled.
The plaintiff applied to the Air Force Board for the Correction of Military Records. That Board, on June 8, 1953, advised the plaintiff that the facts shown in his record and presented in his application did not justify a hearing and review of his case.
The Medical Disposition Board and the Air Force Retiring Board evidently, concluded that .the plaintiff, although *649 he had several ailments, was not permanently disabled for military service and the Betiring Board therefore did not recommend that the plaintiff be retired,'for physical disability. Even if it were within our province to .review these decisions, we could not say that they were wrong. The Army Medical Center’s conclusion that the plaintiff, a Keserve Officer, should revert to inactive status- was, apparently, -based upon the fact that the plaintiff’s - usefulness was impaired by frequent hospitalizations, although his ailments did not permanently disable him. “The Veterans’ Administration’s decision that the plaintiff! was.entitled to compensation on the basis of 40 percent, disability was made under a different law, apparently administered more liberally. ■'
The foregoing recital does not present an entirely logical or consistent pattern of conduct by the Government, as a whole, toward the plaintiff. A court .cannot, .however, undertake to determine who is fit or unfit to serve in the military forces. We therefore see no basis on which the plaintiff can recover, and we grant the defendant’s motion for a summary judgment. The plaintiff’s .petition is dismissed.
It is so ordered.
Laramore, Judge; Whitaker, Judge; LittletoN, Judge; and JoNes, Chief Judge, concur.