**Harold L. BEAMISH**

v.

**The UNITED STATES.**

No. 99–54.

United States Court of Claims.
Feb. 8, 1955.

---

Harold L. Beamish, Aurora, Ill., Edwards & Brunnemeyer, Aurora, Ill., on the briefs, for the plaintiff.

Kathryn H. Baldwin, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

Plaintiff, a Colonel in the United States Army Reserve, on inactive duty, seeks to have the Court determine that he is eligible for placement upon the Army temporary disability retired list, and to grant him retirement pay in accordance with the provisions of Section 402(a) of the Career Compensation Act of 1949,[1] from and after February 18, 1953.

On December 30, 1922, plaintiff accepted an appointment as a Reserve Officer in the United States Army. Thereafter he was reappointed and promoted at various times and he is now a Reserve Officer in the United States Army in the grade of Colonel. He has over eight years of active service.

On June 8, 1951, plaintiff declined to apply for a new category, thereby indicating his desire to be released from active duty. Thereafter, steps were taken within the military establishment to release plaintiff from active duty on November 30, 1952, in which program plaintiff concurred.

On December 1, 1952, a clinical report was submitted on a current physical examination of plaintiff, which indicated that, in the opinion of the officer making the report, plaintiff was physically fit for active duty service.

Pursuant to special orders, plaintiff appeared on January 8, 1953, before an Army Physical Evaluation Board at Fort Sheridan, Illinois. After interviewing plaintiff and studying his hospital records, said board reached the conclusion that "such officer has sustained conditions which are disabling but do not necessarily preclude performance of his ordinary military duties." No specific rating of disability was made. The board recommended six months trial duty with reconsideration by medical authorities at the expiration of that period. Thereafter, plaintiff availed himself of his right to file a rebuttal statement.

The findings of the Physical Evaluation Board were reviewed by the Army Physical Review Council and on January 19, 1953, said council concurred in the finding that plaintiff was physically fit for military service. On the same date such finding was approved by order of the Secretary of the Army. By letter dated January 28, 1953, plaintiff protested the direction that he be returned to duty, on the ground that it was not in accordance with the recommendation of the Physical Evaluation Board. In a reply dated February 13, 1953, the Adjutant General advised plaintiff that the recommendation of the Physical Evaluation Board had been noted; that said board had found plaintiff physically fit for active duty, and that after careful consideration of the proceedings of the board and plaintiff's rebuttal statement, the findings of the board were approved by direction of the Secretary of the Army.

1. 63 Stat. 816, 37 U.S.C.A. § 272(a).

On February 4, 1953, plaintiff was assigned to separation point, Fort Custer, Michigan, for processing for release from active duty. On February 18, 1953, plaintiff was released from active duty, not by reason of physical disability.

On April 2, 1953, plaintiff applied to the Army Board for the Correction of Military Records, and he was advised on March 17, 1954, that a thorough review of his military, medical, and Veterans' Administration records, together with the information submitted by him, failed to reveal any evidence of error or injustice relative to his release from active duty on February 18, 1953, not by reason of physical disability. Application for reconsideration was denied by letter to plaintiff's counsel dated April 19, 1954.

On March 8, 1954, plaintiff filed his petition requesting this court to adjudge that he has sustained a service-connected disability of 30 per centum or more; that he is in grade of a Colonel with over 30 years accredited service for pay purposes; that his disability is the proximate result of the performance of active duty in excess of 8 years; that accepted medical principles indicate that such disability may be permanent; that petitioner's name be placed on the temporary disability retirement list by the Secretary of the Army; and that the Secretary of the Army be ordered to pay him disability retired pay in accordance with the provisions of Section 402(a) of the Career Compensation Act of 1949, supra.

The facts in this case closely parallel those in the case of Holliday v. United States, 128 Ct.Cl. 647, wherein this court used the following language:

"The Medical Disposition Board and the Air Force Retiring Board evidently concluded that the plaintiff, although he had several ailments, was not permanently disabled for military service and the Retiring Board therefore did not recommend that the plaintiff be retired for physical disability. Even if it were within our province to review these decisions, we could not say that they were wrong. * * * The Veterans' Administration's decision that the plaintiff was entitled to compensation on the basis of 40 percent disability was made under a different law, apparently administered more liberally.

" * * * A court cannot, however, undertake to determine who is fit or unfit to serve in the military forces."

We therefore see no basis on which the plaintiff can recover. Plaintiff's motion for summary judgment is denied, and Defendant's motion for summary judgment is granted. The plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER, and LITTLETON, Judges, concur.