Opinion

per curiam:

Plaintiff, an officer in the Retired Reserve Corps, claims that he should have been released from active duty by reason of physical disability and sues for retirement pay under the Career Compensation Act of 1949,63 Stat. 816,37 U. S. C. 272.
Subsections 402 (a) and 414 (a) of this Act (63 Stat. 802, 816,825) provide, in pertinent part, that:
Upon a determination by the Secretary concerned (1) that a member of a Regular component of the uniformed services entitled to receive basic pay, or a member of a Reserve component of the uniformed services entitled *810 to receive basic pay who has been called or ordered to extended active duty for a period in excess of thirty days, is unfit to perform the duties of his office, rank, grade, or rating, by reason of physical disability incurred while entitled to receive basic pay; (2) that such disability is not due to the intentional misconduct or willful neglect of such member and that such disability was not incurred during a period of unauthorized absence of such member; (3) that such disability is 30 per centum or more m accordance with the standard schedule of rating disabilities in current use by the Veterans’ Administration; (4) that such disability was the proximate result of the performance of active duty; and (5) that accepted medical principles indicate that such disability may be of a permanent nature, the name of such member shall be placed upon the temporary disability retired list of his service by the Secretary concerned and such member shall be entitled to receive disability retirement pay as prescribed in subsection (d) of this section: Provided, That if condition (5) above is met by a finding that such disability is of a permanent nature, such member may be retired by the Secretary concerned and, upon retirement, shall be entitled to receive disability retirement pay as prescribed in subsection (d) of this section * * *.
Subsection 414 (a) (page 825) :
All duties, powers, and functions incident to the determination of fitness for active service, percentage of disability at the time of separation from active service, and suitability for reentry into active service and entitlement to and payment of disability severance pay shall be vested in the Secretary concerned.
Section 207 of the Legislative Eeorganization Act of 1946, as amended by the Act of October 25, 1951 (65 Stat. 655), provides :
(a) The Secretaries of the Army, Navy, and Air Force and the Secretary of the Treasury (with respect to the Coast Guard), respectively, under procedures set up by them, and acting through boards of civilian officers or employees of their respective Departments, are authorized to correct any military or naval record where in their judgment such action is necessary to correct an error or remove an injustice, and corrections so made shall be final and conclusive on all officers of the Government except when procured by means of fraud * * *
*811 ■ .Plaintiff enlisted and served in the Regular Army from November 14,1917, to August 12,1919, became an officer in the Reserve Corps on April 18, 1922, and served at various times on active duty for training, again entered on extended active duty on June 18, 1941, and was released from active duty “not by reason of physical disability” on March 21, 1950. Plaintiff was appointed a Lieutenant Colonel, Honorary, U. S. Army Reserve, on December 3, 1952, and is now a Lieutenant Colonel, Retired Reserve, U. S. Army Reserve.
On February 27, 1950, prior to his separation, plaintiff was given a physical examination in which the following defects were noted:
Glasses for reading.
World War I airplane crash, injured back and wore back support in 1936. Back now stiff and lame on occasions.
Headaches toward evening. Sinusitis in 1942-1945. Rate urn: of long duration.
Hemorrhoids removed in 1943.
Indigestion. Has been worked up in pjgh (Percy Jones General Hospital).
pjgh workup for arthritis 1949.
1949 Swelling of knee. pjgh.
Has insomnia and nightmares. .
Nervousness from above mentioned condition.
The examining physician recommended plaintiff’s appearance before a medical board. On March 17, 1950, plaintiff appeared before a Medical Disposition Board at Percy Jones General Hospital. The Board noted the following defects:
1. Hernia, diaphragmatic, sliding type, small, congenital.
2. Diverticulum, esophageal, traction type, congenital.
3. Osteochondritis dessiccans, right knee, mild.
4. Varicose veins, left leg, moderate.
5. Polyp, mucous, nose, multiple right.
6. Deflection of nasal septum, cause undertermined.
7. Sinusitis, nonpurulent, chronic, ethmoid, right.
8. Degenerative joint disease, osteoarthritis, lower lumbar vertebrae minimal.
With respect to Diagnoses 1 and 2 the Board determined that: they were congenital; existed prior to entry on military service; the cause of each was not an incident to active duty; *812 neither had been aggravated by active duty, and that the maximum hospital benefit has been received with respect to each. The date of origin of Diagnosis 3 was found to be unknown. Conditions 4, 5, 6, 7 and 8 were determined to have originated subsequent to 1941. Conditions 3, 4, 5, 6, 7 and 8 were determined to have occurred in line of duty. The Board found no degree of disability and that the claimant was fit for general service and recommended return to duty. On March 18, 1950, the findings were approved by the Commanding Officer of Percy Jones General Hospital.
On October 18, 1950, plaintiff applied for active duty training, was given a physical examination on October 31, 1950, and was found physically disqualified on November 8, 1950.
On July 13,1953, plaintiff applied to the Army Board for the Correction of Military Records contending that his separation in 1950 “not by reason of physical disability’’ was an error or an injustice. On March 29, 1954, the Board wrote plaintiff informing him that “A thorough review of your military and medical records, together with the information submitted by you, fails to reveal any evidence of error or injustice relative to your separation from active service not by reason of physical disability on 21 March 1950”, and that a sufficient basis for a hearing was not found to exist. On November 26,1954, plaintiff, through his attorney, requested reconsideration of this determination and a hearing. By letter of May 21, 1955, the Board advised plaintiff’s counsel that no new evidence had been submitted and that it again found no error or injustice in plaintiff’s case.
Records in the Veterans’ Administration show that plaintiff was rated 20% disabled by that agency on the date of his separation from active duty and is now rated 60% disabled.
The foregoing statement discloses the procedures followed prior to and at the time of separation of plaintiff from active duty on March 21,1950, “not by reason of physical disability” and the action of the Army Board for the Correction of Military Records on plaintiff’s application of July 13, 1953.
Upon the allegations of the petition and the record, the court is of the opinion that this case is governed by the rule *813 applied in Holliday v. United States, 128 C. Cls. 647; Orloff v. Willoughby, 345 U. S. 83, and Wales v. United States, 132 C. Cls. 765.
Under the circumstances of this case the defendant’s motion for summary judgment is granted and the petition is dismissed.