Richard **MACKEY**

v.

The **UNITED STATES.**

No. 218–53.

United States Court of Claims.
June 5, 1956.

O. R. McGuire, Washington, D. C., for plaintiff.

Edward L. Metzler, Washington, D. C., George Cochran Doub, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

Plaintiff sues for an increase in retirement pay under the Career Compensation Act of 1949, 63 Stat. 802, 37 U.S.C.A. § 271 et seq.

Prior to entering on active duty with the Army, plaintiff, in April 1942, was given a physical examination. At that time an X-ray of his chest was negative. He entered on active duty June 16, 1942. While stationed at Fort Clark, Texas, he had a bad cold and was told that X-rays showed something on his lungs but that this had cleared up. Plaintiff left continental United States and reported for duty at Fort Richardson, Alaska, in Oc-

tober 1944. He was transferred for duty to Attu in the Aleutian Islands where he remained from March until December 1945. He was transferred to Adak, Alaska, where he was hospitalized on December 16, 1945. From there he was evacuated to the United States where he was briefly hospitalized at Madigan General Hospital, Tacoma, Washington. He was then transferred to Bushnell General Hospital at Brigham City, Utah, and after a few months there was transferred to the Fitzsimons General Hospital, Denver, Colorado, where he arrived about May 14, 1946. Plaintiff remained at Fitzsimons General Hospital until promoted to lieutenant colonel April 22, 1947, and retired April 30, 1947.

Pursuant to Army regulations, a disposition board composed of 3 medical officers was convened at the Fitzsimons General Hospital December 11, 1946, and recommended that plaintiff be ordered before a retiring board. The retiring board, which consisted of 5 officers, 2 of whom were medical officers, after a hearing determined that plaintiff was permanently incapacitated for active service due to "Pulmonary fibrosis, diffuse, all lobes, both lungs, severe, cause undetermined." The decision of the two boards that plaintiff should be retired was concurred in by the Surgeon General, and the Secretary of War approved the proceedings May 14, 1947.

On May 14, 1947, plaintiff was certified by order of the Secretary of War, because of the aforesaid disability, to the Administrator of Veterans' Affairs, for retirement pay in the amount of $288.75 monthly, effective May 1, 1947.

Section 411 of the Career Compensation Act, supra, permitted members of the Armed Forces theretofore retired for physical disability to elect to compute their retired pay on the increased basic pay provided by the act, multiplied by their percentage of disability when retired, subject to a 75-percent limitation. Plaintiff applied for increased pay under that act. His application was considered by the Army Physical Review Council. The council rated him 30 percent disabled

at the time of retirement. Plaintiff continued to receive 75 percent of his basic pay as provided. On appeal, the Army Physical Disability Appeal Board increased his disability rating to 60 percent and thereby his retirement pay was increased to $290.70 per month,[1] computed on the basis of the percentage of his disability.

Plaintiff was advised by the Adjutant General, acting for the Secretary of the Army, that the appeal board diagnosed plaintiff's disability as "Fibrosis, pulmonary, diffuse, all lobes, both lungs, severe, rated under Veterans' Administration Code 6802 [for pneumoconiosis, unspecified], with a rating of 60 percentum." Plaintiff appealed that determination, and it was reaffirmed by the Secretary of the Army.

After his retirement, plaintiff applied for and obtained a waiver of insurance premiums from the Veterans' Administration, and in May 1949 he applied to the Veterans' Administration for pension or disability. On May 18, 1949, he was advised by the regional office of that agency at Lincoln, Nebraska, that his condition was disabling to warrant an evaluation of 100 percent, entitling him to compensation of $138 per month.

Plaintiff contends that he should have been rated under Diagnostic Code No. 6732 of the Veterans' Administration Schedule of Rating Disabilities, which was used by the Veterans' Administration on one occasion and which carried a 100-percent disability rating, and that the Army rating under Diagnostic Code No. 6802, with a 60-percent disability, was arbitrary, capricious, and erroneous.

He relies on the fact that the Army disposition board found him to be "permanently incapacitated for active service" and argues that this finding shows he was 100 percent disabled at that time. However, it was not the function of the disposition and retiring boards to determine the percentage of plaintiff's disability. Their only function was to determine whether or not plaintiff was in fact incapacitated, together with the cause and date of incapacity, and whether or not it was an incident of service. Percentage of disability was of no consequence at that time. Furthermore, the fact that the disposition and retiring boards found plaintiff "permanently incapacitated for active service" did not mean that he was 100 percent disabled. To qualify for disability for retirement requires merely a showing that he was unfit to act as an officer. The Career Compensation Act, supra, provided in section 414(a) that the Secretary of the Army was to determine the percentage of the officer's disability.

Section 411 of the Career Compensation Act, supra, provides that the percentage of disability shall be determined as of the time he was retired, which in this case was May 14, 1947.

Whatever finding the Veterans' Administration made in relation to waiver of premium on life insurance, or any change in his physical condition, or any determination by the Veterans' Administration as to percentage of disability, would be of no force and effect in this case. For the purposes of the Career Compensation Act, it was for the Secretary and his doctors, and not for the Veterans' Administration and its doctors, to decide the degree of plaintiff's affliction. Golding v. United States, 130 F. Supp. 628, 131 Ct.Cl. 677, 680; see also Holliday v. United States, 128 Ct.Cl. 647.

Veterans' Administration Diagnostic Code No. 6802, above referred to, was the nearest to that which had been determined as the original cause of retirement. Therefore, there is nothing arbitrary, capricious, or erroneous in the determination by the Secretary of the Army.

---

1. Changed to $300.30 by the general statutory increase provided in the Act of May 19, 1952, 66 Stat. 79, 97 U.S.C.A. § 232.

The plaintiff's petition will be dismissed.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER, and LITTLETON, Judges, concur.