Rhea Smithson JOHNSON
v.
The UNITED STATES.
No. 494–55.

United States Court of Claims.
April 3, 1957.

Rhea Smithson Johnson pro se.

Thomas J. Lydon, Washington, D. C., with whom was George Cochran Doub, Asst. Atty. Gen., for defendant. Richard E. Watson, North Kansas City, Mo., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

This is a suit for disability retirement pay by plaintiff, a former officer in the United States Air Force. The plaintiff was released to inactive duty on December 9, 1951. He claims retirement pay from that date.

Plaintiff relies upon section 402(b) of Title IV of the Career Compensation Act of 1949, 37 U.S.C.A. § 272(b), which stipulates that upon the determination of the Secretary concerned that a member of a regular component of the uniformed services or of a reserve component entitled to receive basic pay has suffered disability of such a nature that accepted medical principles indicate that such disability may be of a permanent nature, and that other conditions set out in the act are met, such member may be retired by the Secretary concerned and upon retirement shall be entitled to receive disability pay as prescribed in the act.

According to the pleadings of plaintiff and the admissions of the defendant, and the attached exhibits, the following facts appear as a basis for action on the respective motions.

Plaintiff enlisted in the United States Naval Reserve on April 6, 1926, was commissioned an ensign on March 5, 1935, and served until November 17, 1936. He was appointed a second lieutenant in the Army of the United States on March 11, 1943, and was subsequently appointed to the rank of first lieutenant in the United States Air Force, a rank which he held at the time of his separation from the service.

During a routine X-ray overseas examination in May 1944, a lung condition was found to exist, but subsequent X-ray examinations as disclosed by a physical evaluation board indicated no progression of the lesions and no activity was detected clinically. Plaintiff appeared before an Army retiring board at Oliver General Hospital, Augusta, Georgia, and was found not permanently incapacitated for active service. In August 1947, the Surgeon General's office concurred with the recommended findings of the Army retiring board, and plaintiff was returned to duty.

Plaintiff appeared before a physical evaluation board at MacDill Air Base, Florida, June 15, 1950. The board's recommendations included a finding that he was physically fit. Plaintiff's statement and pertinent records were referred to the Air Force Physical Review Council, Headquarters, United States Air Force.

The Secretary of the Air Force, on the recommendation of the Air Force Physical Review Council, determined that no final action would be taken at that time, and that further observation and treatment at a specialized hospital was necessary to arrive at an equitable determination and for ultimate disposition. The plaintiff was transferred to Fitzsimons Army Hospital, Denver, on August 1, 1950, for further treatment and appropriate disposition. Soon thereafter he appeared before a medical board and in November 1950 appeared before a physical evaluation board. The board's recommendations included a finding that plaintiff was physically fit. The record and plaintiff's statement in reference thereto were referred to the Air Force Physical Review Council, which council subsequently concurred with the recommended findings of the physical evaluation board that plaintiff was physically fit. The case was then referred to the Air Force Personnel Council which also concurred in the recommended findings that plaintiff was physically fit.

On December 15, 1950, the Secretary of the Air Force approved the recommendations of the Physical Review Council and the other reviewing authorities to the effect that the plaintiff was physically fit to perform duty. Thereafter he was returned to duty.

Again, in 1951, plaintiff appeared before a physical evaluation board at Wright-Patterson Air Force Base, which board's findings included a recommendation that plaintiff was physically fit.

The Secretary of the Air Force, on November 28, 1951, approved these various recommendations and plaintiff was returned to duty. He was subsequently released from active duty on December 9, 1951.

After plaintiff had been released from active duty he submitted an application for review of his case to the Air Force Board for the Correction of Military Records, which board found that the evidence was not sufficient to establish a showing of error or injustice. Plaintiff asked for a reconsideration but the board again informed him that there was no evidence to establish an error or injustice.

A copy of the letter of notification of the findings of the Air Force Board for the Correction of Military Records which was sent to plaintiff is attached to defendant's brief in the case. This letter contains a statement of the physical evaluation board. The findings of the board, based on the medical and clinical records, cover the findings of the various boards to which reference has been made, and indicate that after May 24, 1944, at which time the first pulmonary calcifications were disclosed, there had been no progression of the lesions as shown by X-rays thereafter taken and no activity had been detected clinically, the plaintiff's weight had remained fairly constant, and that the tests thereafter made had shown negative. A condensed clinical summary is attached to the board's report.

■ Plaintiff must rely upon a finding of arbitrary action on the part of the Secretary of the Air Force and other officials who from time to time made examinations and who invariably found that plaintiff was physically fit for military service.

■■ We do not think that the circumstances disclosed by the pleadings and attached exhibits are sufficient to form the basis of a finding of arbitrary action on the part of these officials in the light of the numerous examinations and the findings of the various boards. It is not the function of this court to determine who is fit or unfit for military service. Holliday v. United States, 128 Ct. Cl. 647; Beamish v. United States, 128 F. Supp. 158, 130 Ct.Cl. 767; Wales v. United States, 132 Ct.Cl. 765, 130 F. Supp. 900, 903.

■ It is true that the record indicates that the Veterans Administration has rated plaintiff 30 percent disabled. The Air Force, however, is not bound to rely upon the schedules of rating of the Veterans Administration. We quote from the opinion in the case of Wales v. United States, supra, as follows:

"The fact that the Veterans' Administration rated plaintiff 30 percent disabled and granted him disability compensation does not, as the plaintiff contends, entitle him to disability retirement under section 402 (a) of the Career Compensation Act of 1949. The mere fact that plaintiff suffered ailments which form the basis for compensation by the Veterans' Administration does not entitle him to retirement and retirement pay for physical disability. Holliday v. United States, 128 Ct.Cl. 647. * * *"

■ When the allegations of the plaintiff's petition, the defendant's answer, and the briefs and attached exhibits are analyzed, it becomes manifest that there is no reasonable basis for a claim of arbitrary or capricious action on the part of the various officials. In fact it becomes rather clear that plaintiff's case was given very careful and repeated consideration. In these cir-

cumstances it would be a complete waste of time and unnecessary expense to the litigants and to the court to refer the matter to a commissioner for the taking of testimony. The motions of both parties indicate that the record is in such shape that final action may properly be taken at this time.

Plaintiff's motion for summary judgment is overruled. The defendant's motion for summary judgment is granted and the petition is dismissed.

It is so ordered.

LARAMORE, MADDEN, WHITAKER and LITTLETON, Judges, concur.