Curtis L. STOREY

v.

The UNITED STATES.

No. 292–74.

United States Court of Claims.

March 17, 1976.

Richard P. Fox, Los Angeles, Cal., atty. of record, for plaintiff. Max Gest, Los Angeles, Cal., of counsel.

Gerald L. Schrader, Washington, D. C., with whom was Asst. Atty. Gen. Rex E. Lee, Washington, D. C., for defendant. Marc J. Fink, Washington, D. C., of counsel.

Before SKELTON, NICHOLS and BENNETT, Judges.

SKELTON, Judge.

The plaintiff, Curtis L. Storey, while a member of the United States Air Force suffered injuries to his left arm in a motor vehicle accident in November 1969, and, as a result thereof, was placed on the Temporary Disability Retirement List (TDRL on January 4, 1972, in accordance with 10 U.S.C. § 1202 (1970). Anyone on this list is required by 10 U.S.C. § 1210(a) (1970) to be examined at least once every 18 months to determine whether there has been any change in his disability. In compliance with this requirement, the plaintiff was given a physical examination in May 1973, by Major Malcolm Heppenstall, who reported that the plaintiff "had made a remarkable recovery, with no evidence of infection of the upper left extremity," but stated further that he was "ineligible for world wide duty."

Thereafter an informal Physical Evaluation Board (PEB) found that plaintiff's injuries were "not unfitting" and recommended that he be removed from the TDRL. The plaintiff was not satisfied and asked for a review of this recommendation by a formal PEB. His request was granted and a hearing was held at Lackland Air Force Base on July 2, 1973. The plaintiff was represented by counsel at the hearing and was afforded every opportunity to present evidence in support of his contentions. Plaintiff was the only witness at the hearing. On cross-examination by members of the Board, it was revealed that plaintiff had been working at the U.S. Post Office while on the TDRL and that he was able to do the work required of him in such employment. Thereafter, the PEB determined that plaintiff was physically fit for worldwide service and that his name should be removed from the TDRL. This decision was affirmed by the Physical Review Council and the Secretary of the Air Force. The plaintiff's name was removed from the TDRL and he was discharged from the Air

Force effective September 21, 1973. Plaintiff then petitioned the Air Force Board for the Correction of Military Records to grant him relief. Prior to rendering a decision, the Board asked for the opinion of the Surgeon General of the United States, who, on September 4, 1973, advised the Board by letter that " * * * the findings and recommendations of the PEB were reasonable and proper and no change in the record is warranted."

In the meantime, in January 1972, plaintiff filed a claim with the Veterans' Administration (VA), and after a medical examination in March 1972, the VA awarded him compensation of $96.00 per month from January 4, 1972, on the basis of a 40 percent disability rating. This was later increased to $106.00 per month based on the 40 percent disability rating.

After considering the report of Major Heppenstall, the decision of the PEB, the opinion of the Surgeon General, and the rating of disability given plaintiff by the VA, the Board concluded that the plaintiff had failed to establish "a showing of probable error or injustice," and denied any relief to him.

Thereafter, plaintiff filed suit in this court asking the court to replace his name on the TDRL or have him permanently retired. He also seeks to recover, from the time his name was removed from the TDRL, the difference between the payments he would have received had he been continued in a retired status, and the payments he received from the VA. The case is before us on cross-motions for summary judgment.

█ The plaintiff relies heavily on the report of Major Heppenstall in which it was stated that plaintiff was "ineligible for worldwide duty." However, it appears that this was not a prognosis with reference to plaintiff's disability, but was a gratuitous conclusion of law that was contrary to Air Force Manual 35–4, sec. 7–6d which provides in part as follows:

* * * *A statement of prognosis may be made, but reference to disposition of member, such as retirement or discharge for disability, or the probable percentage of disability will not be included in clinical records, summaries or abstracts.* [Emphasis in original.]

It is clear from this provision that the physician is confined to his medical findings, but the disposition of the serviceman is a decision to be made by the Secretary and not by the examining physician. Consequently, Major Heppenstall's conclusion as to the disposition to be made of plaintiff is of no help to him.

█ Plaintiff also relies heavily on the disability rating given him by the VA. However, it is well-established that a VA disability rating is not binding on the Air Force. *Bennett v. United States*, 200 Ct.Cl. 635 (1973); *Unterberg v. United States*, 188 Ct.Cl. 994, 412 F.2d 1341 (1969); *Williams v. United States*, 186 Ct.Cl. 611, 405 F.2d 890, *cert. denied*, 396 U.S. 966, 90 S.Ct. 447, 24 L.Ed.2d 432 (1969). The disability compensation of the VA is provided by a different statute (38 U.S.C. § 331 *et seq.*) and for a different purpose than that provided for the Air Force (10 U.S.C. § 1201 *et seq.*). The VA rating of plaintiff was considered by the Correction Board, but it did not bind the Board nor control its decision.

█ The plaintiff contends that the decision of the Correction Board is arbitrary, capricious, and unsupported by substantial evidence. Plaintiff carries a heavy burden in sustaining this position. *Callan v. United States*, 196 Ct.Cl. 392, 450 F.2d 1121 (1971); *Unterberg v. United States, supra; Cooper v. United States*, 203 Ct.Cl. 300 (1973).

The decision of the Secretary which was affirmed by the Correction Board is entitled to finality and may not be overturned, even if the court might disagree with it, unless it is shown that it is arbitrary, capricious, or unsupported by substantial evidence. *Williams v. United States, supra.* We conclude that the plaintiff has failed to make a showing in this case, and, accordingly, the decision of the Correction Board is final and is affirmed. *Unterberg v. United States, supra.*

Plaintiff's motion for summary judgment is denied and that of defendant is granted and plaintiff's petition is dismissed.

BENNETT, Judge (concurring):

■ I join fully in Judge Skelton's opinion, but deem it advisable to add a word with respect to an alternative position taken by plaintiff in this case. Plaintiff's moving brief pressed upon us the argument that his removal from the TDRL and consequent discharge violated an applicable regulation, DOD Directive 1332.18, as it existed at the time here in question. Paragraph V.B. of that directive enumerates certain presumptions which uniformly are to be indulged by officials in applying federal laws, relating to separation from military service by reason of physical disability. Thus, in the absence of a preponderance of evidence to the contrary (1) a member is presumed to have been physically fit upon entry into the service; (2) any disease or injury discovered after entry into the service is presumed incurred in the line of duty; (3) in the case of disease or injury known to have existed before entry, aggravation is presumed to have been service-connected; and, finally (4) certain "acute infections" will be presumed service-incurred or service-aggravated. Paragraph V.B.2 goes on to provide that whenever there exists a reasonable doubt concerning the member's condition, the facts will be resolved on the basis of the foregoing presumptions in favor of the member.

Plaintiff derives from this language the conclusion that since the PEB was confronted with a reasonable doubt as to whether he was *fit for worldwide service*, the doubt necessarily under the directive had to be resolved in his favor and a finding made that he was not fit. As I see it, plaintiff's error rests with the undue breadth with which he reads paragraph V.B.2 of DOD Directive 1332.18. He says, in effect, whenever there is a reasonable doubt *as to anything* touching his physical condition, such doubt must be resolved in his favor. I do not agree. The language upon which plaintiff relies has no significance apart from the limited presumptions listed above, which are set out immediately preceding the words to which plaintiff refers us. The directive merely says that in the absence of a preponderance of the evidence rebutting these presumptions, findings must be made in accordance with the facts presumed. Therefore, in my opinion, the portions of DOD Directive 1332.18 cited by plaintiff have no application in this case, and his discharge cannot be voided under the doctrine of *Service v. Dulles*, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957).

I agree that the petition should be dismissed.

NICHOLS, Judge, concurs in both Judge SKELTON's opinion and Judge BENNETT's concurring opinion.