HERBERT E. CRYDER and BEATRICE L. CRYDER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cryder v. Commissioner
Docket No. 8246-75.
United States Tax Court
T.C. Memo 1977-103; 1977 Tax Ct. Memo LEXIS 334; 36 T.C.M. (CCH) 474; T.C.M. (RIA) 770103; April 11, 1977, Filed Beatrice L. Cryder, pro se. Roger D. Osburn, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: Respondent determined a deficiency in petitioners' 1972 Federal income taxes in the amount of $458.21 and an addition to tax under section 6653(a), I.R.C. 1954, in the amount of $22.91. The principal issue is whether petitioners *335 are entitled to a sick pay exclusion under section 105(d) [1] for amounts received as a pension from the Air Force. Also in dispute is the section 6653(a) addition to tax, as well as whether petitioners' refund for the taxable year 1975 was properly credited to their assessed liability for the taxable year 1973 rather than for the taxable year 1972, which year is in issue here. [2] The case was submitted solely upon the basis of a stipulation of facts. Petitioners, Herbert E. and Beatrice L. Cryder, husband and wife, resided in Largo, Florida, at the time their petition *336 herein was filed. They filed their 1972 Federal income tax return with the Office of the Director, Internal Revenue Service Center, Chamblee, Georgia. Petitioner Herbert E. Cryder retired from the Air Force in January, 1963. Since that time, he has received an annuity from the Air Force in an amount based upon years of service with the Air Force. In the year in issue (1972), he also received a nontaxable disability annuity from the Veterans' Administration, based upon partial disability. The V.A. disability annuity reduced by an equivalent amount his Air Force pension, and was not included in his gross income. During 1972, Herbert Cryder received pension payments aggregating $2,293.10 from the Air Force. This amount was included in the Form W-2 provided by the Air Force, and was paid as wages subject to withholding. On their 1972 return, petitioners claimed a "sick pay" adjustment to income under section 105(d) for the entire amount of the Air Force pension. The Commissioner determined that the pension did not qualify for the sick pay exclusion. He also determined that petitioners had been negligent or had intentionally disregarded rules and regulations within the meaning *337 of section 6653(a) in respect of filing their income tax return. The primary issue presented in this case is whether petitioners may exclude from gross income, as sick pay within the meaning of section 105(d), petitioner Herbert Cryder's Air Force pension. Section 105(d) allows the exclusion from an employee's gross income of amounts (within stated limits) received through a wage continuation plan which "constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of personal injuries or sickness". See also section 1.105-4(a)(1), Income Tax Regs. In order to qualify for the exclusion, a taxpayer must establish that he received payments under an accident or health plan which provides for payments to employees in lieu of wages for periods during which the employee is absent from work on account of personal injury or sickness. Section 1.105-4(a)(2)(i) and section 1.105-5, Income Tax Regs. The taxpayer must also establish that he was, in fact, absent from work onaccountof personal injury or sickness. Section 1.105-4(a)(2)(ii), Income Tax Regs. An employee who retires on account of physical disability is considered *338 to be absent from work on account of personal injury or sickness until the time he reaches mandatory retirement age under the terms of the employer's retirement plan or the practice of the employer. Reardon v. United States,491 F. 2d 822 (C.A. 10); Freeman v. United States,265 F. 2d 66, 70-71 (C.A. 9); Neill v. Commissioner,17 T.C. 1015, 1016-17; section 1.105-4(a)(3)(i)(A), Income Tax Regs.; section 1.104-1(e), Income Tax Regs. By contrast, an employee who has elected voluntary early retirement, or an employee who has passed mandatory retirement age, is not expected to be at work and therefore is not absent on account of any sickness or disability from which he may suffer. Kuhn v. United States,28 A.F.T.R. 2d 71-5632 (E.D. Va.); section 1.105-4(a)(3)(i)(A) and (B), Income Tax Regs.
On the basis of the stipulated facts in this case, we cannot conclude that Herbert Cryder retired on account of disability in 1963, nor do we know whether he had reached mandatory retirement age by 1972, the year in issue herein. Although he did receive a disability pension from the Veterans' Administration, that fact does not *339 establish that he was disabled within the meaning of 10 U.S.C. secs. 1201 et seq., the statutory provisions providing for disability retirement from the Armed Forces. Williams v. United States,405 F. 2d 890, 891-92 (Ct. Cls.), certiorari denied, 396 U.S. 966; Johnson v. United States,149 F. Supp. 648, 650 (Ct. Cls.), certiorari denied 355 U.S. 850; Cleary v. Commissioner,60 T.C. 133, 136. And we can draw no conclusion from the fact that the amount of Herbert's pension was determined on the basis of his years of service, since either years of service or degree of disability may form the basis of calculating a disability retirement pension. Compare 10 U.S.C. sec. 1401 (formulae 1 and 2) with 10 U.S.C. sec. 1401 (formula 4) and 10 U.S.C. sec. 8991. Furthermore, since the record does not disclose Herbert's age, his rank, or the duration of his service in the Air Force, we cannot determine when Herbert reached, or will reach, mandatory retirement age. See, e.g., 10 U.S.C. secs. 1293, 1305, 8911, *340 8914, 8917 and 8918. Petitioners have failed to carry their burden of proof with respect to their entitlement to any sick pay exclusion. The Commissioner also imposed an addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. Petitioners disclosed on their return adequate information to apprise the Commissioner of the nature of their claimed exclusion, as well as the amount of income so excluded, including the information required by the Commissioner's Form 2440, relating to the sick pay exclusion. Under the circumstances of this case, the addition to tax cannot be sustained. Wesley Heat Treating Co. v. Commissioner,30 T.C. 10, 25-26, affirmed 267 F. 2d 853 (C.A. 7); Pullman, Inc. v. Commissioner,8 T.C. 292, 299. Finally, there appears to be some dispute as to whether the Commissioner correctly applied petitioners' 1975 income tax refund against their assessed 1973 income tax liability rather than their potential 1972 liability. We can find no error in this connection, nor is it clear that we have any jurisdiction over the matter. Petitioners were apparently entitled to a refund *341 in respect of their 1975 taxes and there was outstanding against them an unpaid assessment of 1973 taxes. We see nothing improper in the Commissioner's action in applying that refund against petitioners' unpaid 1973 liability. He was under no obligation to apply it against a 1972 liability that was then in dispute in this Court.Moreover, we fail to understand why we have any jurisdiction over the Commissioner's method of making refunds of 1975 taxes in an action involving the correctness of his determination of a deficiency for 1972. Decision will be entered for respondent except with respect to the addition to tax under section 6653(a). Footnotes
1. All references to section 105(d) relate to that section as in effect during 1972. The sick pay exclusion was substantially amended by section 505(a) of the Tax Reform Act of 1976, Public Law 94-455, for taxable years beginning after December 31, 1975. ↩
2. An adjustment by the Commissioner in respect of the deduction for medical expenses was based solely upon mathematical errors and the adjustment to gross income caused by eliminating the sick pay exclusion. Although petitioners have complained about the inadequacy of the medical deduction, it was not otherwise put in issue when the case was submitted.↩