"Defendant has moved for summary judgment in opposition to plaintiffs claim for medical retirement (in lieu of resignation from military service), for back pay, and for attorney fees.
"Plaintiff, an Army officer, received combat injuries during service in Vietnam in 1971. Upon return to the United States at the conclusion of that tour of duty he was examined on May 15, 1972, by an Army medical board *1014 which found him to be "not qualified for retention in military service.” An informal Physical Evaluation Board (PEB) then considered his case on July 3, 1972, and agreed that he should not be retained and recommended that he be permanently retired from active service with a combined disability rating of 40 percent. Plaintiff concurred in the findings and recommendations.
"In accordance with Army regulations, the PEB decision was reviewed by the Army Physical Review Council (APRC) which on July 21, 1972, disagreed with the PEB and found that plaintiff was physically fit for active duty, that his injuries had required neither hospitalization nor intensive treatment and had not significantly interfered with his active service, and that the injuries were neither ratable at more than 10 percent nor incapacitating.
"Thereafter, plaintiff was accorded a formal PEB hearing on August 25, 1972. The PEB upon review recommended that plaintiff be permanently retired by reason of physical disability with a rating of 40 percent. Plaintiff concurred.
"The formal PEB findings and recommendations were again considered and reviewed by the APRC which, on September 19, 1972, reiterated its previous determination that plaintiff was fit for performance of active military duty or for administrative separation.
"Plaintiff challenged the APRC again and his case went to the Army Physical Disability Appeal Board (APDAB) for review. On October 16, 1972, the APDAB agreed with the ARPC.
"The Surgeon General thereafter assigned plaintiff a physical profile and, on October 30, 1972, advised the Adjutant General thereof. It was also suggested that plaintiff should report for medical treatment when suffering from headaches, should have non-command positions until his medical condition was resolved, and should not be exposed to loud noises. The profile determined that plaintiff was unable to perform full effort except for moderate periods, that he had a slightly limited mobility of joints and muscular weakness but that the defects did not prevent moderate marching, climbing, running, digging, or *1015 prolonged effort, and that his hearing level was not below retention standards.
"On April 11, 1973, plaintiff tendered his 'unqualified resignation’ from the Army, under AR 635-120, to become effective May 7, 1973, and further stated:
T desire to tender my resignation because I no longer desire to make the United States Army my career. I desire to accept employment with a legally established
law enforcement agency as indicated at Inclosure 1.
* % * >
" Tnclosure 1’ stated that plaintiff had accepted employment with the State of Arkansas.
"Plaintiffs resignation was approved, effective May 7, 1973, and he received an honorable discharge. He was then appointed a first lieutenant in the United States Army Reserve. He applied for Veterans Administration disability benefits and was rated by the VA at 40 percent disabled, effective May 8, 1973.
"In an application to the Army Board for the Correction of Military Records (ABCMR) dated January 2, 1975, plaintiff sought to change the characterization of his resignation to that of retirement for physical disability. The ABCMR requested and received an advisory Medical Evaluation Opinion from the Army concerning plaintiff. This opinion recognized that plaintiff might possess conditions ratable by the VA Schedule for Rating Disabilities, should he be found physically unfit, but stated that the 'non-medical evidence in particular suggests that the decreased work performance noted was caused largely by factors other than applicant’s physical condition.’ On November 26, 1975, plaintiff was notified by the ABCMR that his application was denied. The non-medical evidence referred to pertains to certain personal problems plaintiff had with his housing and family illness, factors which an OER in 1972 revealed as the cause of his dissatisfaction with the Army and his efforts to secure a disability retirement. There is no reason to doubt, however, that plaintiff did suffer from headaches and other disabilities but there is no reason to doubt the findings that his illness was not such as to require extensive treatment, hospitalization, or disability retirement, notwithstanding the contra *1016 dictory reports referred to above on the degree of his disability.
"Plaintiff has not responded to defendant’s motion for summary judgment. Notwithstanding his failure to respond we have carefully examined all the records submitted for our attention and find that they are substantial evidence for the ultimate determination reached through the multiple Army medical reviews and by the Correction Board in plaintiffs case. Plaintiff has the burden of proof. He has not met this burden and has not overcome the presumption which attaches to the correctness of administrative actions. Under the relevant statute (10 U.S.C. §§ 1201-1221), regulations, and authorities, the Secretary has the power to determine fitness for military duty. The court has no jurisdiction to upset his actions absent a violation of law or regulation, or a showing that substantial evidence was lacking to support those actions, and absent any cogent, convincing proof whatever of arbitrary, capricious action on his part. "* * * [Jjudges are not given the task of running the Army.” Orloff v. Willoughby, 345 U.S. 83, 93 (1953); Wesolowski v. United States, 174 Ct. Cl. 682 (1966). Further, the fact that plaintiff has obtained a compensable disability rating from the Veterans Administration is alone no basis for military disability retirement which is based upon other grounds and upon other statutes and regulations. AR 635-40, para. 4-25 (1970); Finn v. United States, 212 Ct. Cl. 353, 548 F.2d 340 (1977); Storey v. United States, 209 Ct. Cl. 174, 531 F.2d 985 (1976); Wood v. United States, 176 Ct. Cl. 737 (1966); Johnson v. United States, 138 Ct. Cl. 81, 85, 149 F.Supp. 648, cert. denied, 355 U.S. 850 (1957); Wales v. United States, 132 Ct. Cl. 765, 769, 130 F.Supp. 900, 903 (1955).
"For the foregoing reasons we find it unnecessary to address other defenses raised by the motion.
"it is therefore ordered, upon consideration of the pleadings and motion, without oral argument, that defendant’s motion for summary judgment is granted. The petition is dismissed.”