This is' a military pay case which comes before the court on plaintiffs amended petition and defendant’s motion for summary judgment.[1] In its motion, defendant argues that plaintiffs claim is barred by the applicable statute of limitations or by the doctrine of laches. While we hold that plaintiffs claim is not so barred, we also hold that there is no genuine material fact present which needs to be resolved and, as a matter of law, the action of the Air Force Board for Correction of Military Records (bcmr) is supported by substantial evidence. We therefore dismiss the petition and grant defendant’s motion for summary judgment.
Plaintiff was discharged from the Air Force on August 25, 1952. During his time with the service, plaintiff had been brought before a number of court-martial boards. On August 14, 1952, a Board of Officers was convened in order to determine whether plaintiff was unsuitable for further military service. At the hearing, plaintiff briefly hinted at the event upon which he bases his disability claim. It appears that sometime in April 1951, plaintiff was involved in a serious jeep accident which resulted in plaintiff suffering a concussion requiring hospitalization. Plaintiff claims that, as a result of the concussion, his personality underwent a dramatic change, and that this change caused *850 plaintiff to commit the acts upon which his dismissal was being considered. The board rejected plaintiffs claim and discharged him on the ground of being undesirable for the service.
Plaintiffs first appeal of the status of his discharge was denied by the bcmr on September 6, 1960. Sometime later, plaintiff filed an application with the Air Force Discharge Review Board. This application was denied on February 15, 1962. In 1967, plaintiff again filed an application with the Discharge Review Board. This time, apparently because of some procedural flaws in the 1952 hearing, the board granted plaintiff a general discharge dated August 25,1972. None of the documents which defendant presents to the court clearly indicates whether plaintiffs claimed medical disability was fully considered by the 1962 or 1967 boards.
In the early 1970’s, it appears that plaintiff filed another application with the bcmr. Again defendant fails to demonstrate to what extent, if any, the bcmr considered plaintiffs disability claim. Finally, on November 29, 1978, plaintiff applied for a third time to the bcmr. In this application, plaintiff, for the first time, separated his claims and limited this application to the disability issue. (In a June 20, 1979, application not at issue here, plaintiff claimed compensation for the other errors he had cited in his previous application: "Double Jeopardy and Denial of Legal Council [sic] and Use of Alleged Previous Conviction.”)
In its June 30, 1980, decision, the bcmr gavev full consideration to plaintiffs disability claim, and relying on a Surgeon General report and past medical reports, concluded that plaintiff failed to demonstrate that he was entitled to any disability compensation. The cover letter sent with the decision concluded with the following statement: "You have the right to submit newly discovered relevant evidence for consideration by the Board. In the absence of such additional evidence, a further review of your application is not possible.” It is clear that this decision was a final decision.
We have held that the 6-year statute of limitations under 28 U.S.C. §2501 (1976) begins for a military disability claim on "final action of a board competent to pass upon eligibility for disability retirement (or upon refusal of a *851 request for such a board).” (Emphasis in original.) Friedman v. United States, 159 Ct. Cl. 1, 24, 310 F.2d 381, 395-96 (1962), cert. denied sub nom. Lipp v. United States, 373 U.S. 932 (1963). However, a board’s action is not final if "(i) the claimant has been misled, (ii) the board’s decision is tentative and invites reopening, (iii) the armed service itself reopens the case.” Id. While we do not discuss each of plaintiffs prior applications with the different boards, it appears that none of these earlier board’s decisions was a final action because each time one of the above qualifiers was present. Therefore, none of the prior decisions would begin the running of the statute of limitations.
Since plaintiff filed his petition with this court on August 13, 1981, within 15 months of the board’s final action, the doctrine of laches likewise is not applicable.
We now turn to whether defendant’s motion for summary judgment must be granted because plaintiffs petition fails to raise any genuine issues of material facts, fails to state a claim upon which relief can be granted, and, as a matter of law, the board’s action meets our substantial evidence standard of review.
"[A]bsent a violation of law or regulation, or a showing that substantial evidence was lacking to support * * * [a correction board’s action], and absent any cogent, convincing proof whatever of arbitrary, capricious action on * * * [its] part,” we cannot overturn a bcmr decision. Diggs v. United States, 215 Ct. Cl. 1013, 1016 (1978). The record in this case is replete with medical reports about plaintiffs physical and mental health. These reports were reviewed by the Surgeon General’s Consultant Staff and they recommended that plaintiffs application be denied. Our scope of review is especially limited in areas where '"experts may disagree [about matters involving] nice issues of judgment of choice * * * which require the exercise of informed discretion.’” Mountain States Telephone & Telegraph Co. v. United States, 204 Ct. Cl. 521, 533, 499 F.2d 611, 618 (1974), quoting Panama Canal Co. v. Grace Line, Inc., 356 U.S. 309, 317 (1958). This case is, at best, a dispute among physicians. The Surgeon General’s office used their "informed discretion” to come to the conclusion that plaintiff was not entitled to receive disability compensation. We have no *852 grounds'upon which to challenge that determination. See King v. United States, 215 Ct. Cl. 876 (1977). Accordingly, we must dismiss plaintiffs petition for failure to state a claim upon which relief can be granted.
it is therefore ordered, without hearing oral argument, and upon consideration of the pleadings, including the amended petition, defendant’s motion for summary judgment, and plaintiffs opposition thereto, that defendant’s motion for summary judgment is granted. The petition is dismissed.
Plaintiffs motion for reconsideration was denied April 27, 1982; plaintiffs petition for a writ of certiorari was denied October 12,1982.

 We hereby grant plaintiffs motion for leave to amend his petition.