Robert E. WILLIAMS

v.

The UNITED STATES.

No. 276–67.

United States Court of Claims.

Jan. 24, 1969.

Robert E. Williams, pro se.

Charles M. Munnecke, Washington, D. C., with whom was Asst. Atty. Gen., Edwin L. Weisl, Jr., for defendant.

Before COWEN, Chief Judge, and DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

## ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

PER CURIAM:

Plaintiff seeks disability retirement pay allegedly due him because of a disability existing at the time of his release from military service on January 10, 1963. Plaintiff, an enlisted man in the Marine Corps, was hospitalized on May 26, 1958, when it was diagnosed that he was suffering from tuberculosis of the lymph glands of his neck. On February 29, 1959, a Physical Evaluation Board found plaintiff unfit because of tuberculosis, "100% disabling—may be permanent." Plaintiff was then, on March 16, 1959, placed on the Temporary Disability Retired List.

In a periodic examination on January 13, 1961, a Medical Board concluded that there was no indication of active tuberculosis. On June 8, 1962, a second Medical Board stated in summary that plaintiff had "no significant clinical findings of active tuberculosis." A Physical Evaluation Board on September 26, 1962, found plaintiff unfit for duty because of "tuberculosis, inactive, 50% disabling, which may be permanent." The Physical Review Council did not concur and found that because plaintiff's condition had been inactive for a sufficient period of

time, he was fit for duty. Plaintiff filed a rebuttal which was considered by the Navy Physical Disability Review Board before it concurred with the Physical Review Council's finding that plaintiff was fit for duty.

Plaintiff was removed from the Temporary Disability Retired List on December 17, 1962, and given an opportunity to re-enlist. On January 10, 1963, he received a general discharge without disability retirement pay.

On February 15, 1963, plaintiff applied to the Board for Correction of Naval Records to have his records corrected to reflect retirement for physical disability. In response to a request for an opinion concerning the plaintiff's application to the Correction Board, the Surgeon General noted that at the periodic physical examination in June 1962, plaintiff was found to be in good health, required no treatment, had no significant residual effects and was, therefore, fit for duty. He futher noted that the Veterans Administration (VA) ratings had dropped from 100 percent to 30 percent, effective from June 8, 1965, with zero percent from June 8, 1970.[1] He also stated that:

[T]he section of the VA Schedule for Rating Disabilities which relates to the time and percentage increments for tuberculosis has not changed since 1945, prior to the advent of any antibiotic or chemotherapeutic medications. Since their advent, and with the increasing evidence of their efficacy, it can be categorically stated that at the present time the vast majority of individuals with minimal tuberculosis are retained on active duty under treatment, with return to a full duty status, usually after one year. In the instant case, the disease was not only minimal, but was non-pulmonary, i. e., not contagious, and the fact that a rating could be assigned under the terms of the Schedule has no bearing on the issue of petitioner's ability to perform his duties without jeopardizing his health or that of others. [Letter from the Chief, Bureau of Medicine and Surgery to the Chairman, Board for Correction of Naval Records, dated August 8, 1963.]

Plaintiff's application was accordingly denied by the Correction Board on October 28, 1963.

■ On plaintiff's request for reconsideration, the Surgeon General submitted an additional opinion in which he reached the same conclusion as in his original findings quoted above. Reconsideration was denied by the Correction Board on January 8, 1964, and plaintiff eventually filed this suit.

From the foregoing, it is readily apparent that plaintiff's claims were given thorough and proper review by the administrative boards involved. It has long been the rule that in the absence of a clear showing that a board determination is arbitrary, capricious, unsupported by substantial evidence, or in noncompliance with applicable laws and regulations, this court will not interfere with determinations by the military concerning fitness for duty. Stephens v. United States, 358 F.2d 951, 174 Ct.Cl. 365 (1966); Wesolowski v. United States, 174 Ct.Cl. 682 (1966); Furlong v. United States, 153 Ct.Cl. 557 (1961). Plaintiff offers no evidence of arbitrary or capricious action by the military boards involved, and shows no violation of a relevant law or regulation.

■■ Plaintiff's claim that the Navy acted arbitrarily when it failed to adopt the disability rating given him by the Veterans Administration as a basis for retiring him for physical disability cannot be sustained. It is well established that such a rating by the Veterans Administration is not binding on the Navy, which operates under separate statutory authority. The fact that plaintiff suf-

1. VA ratings are based on the number of years the tuberculosis is inactive. Using 1959 as the date of initial inactivity, plaintiff's rating was diminished by the Veterans Administration as provided for in the Veterans Administration Schedule for Rating Disabilities, Code 7710, to a zero rating for a period expiring with 11 years of inactivity.

fered from an ailment for which he received compensation from the Veterans Administration did not entitle him to disability retirement pay. Johnson v. United States, 149 F.Supp. 648, 138 Ct.Cl. 81, cert. denied 355 U.S. 850, 78 S.Ct. 69, 2 L.Ed.2d 54 (1957) and cases cited therein. Moreover, the opinion of the Surgeon General quoted above provided a reasonable explanation as to why the rating plaintiff received under the Veterans Administration Schedule for Rating Disabilities had no bearing on plaintiff's ability to perform his duties. Therefore, we cannot find that the action taken on his applications was arbitrary or capricious.

Plaintiff also contends that the Secretary of the Navy acted arbitrarily in issuing plaintiff's general discharge, but plaintiff offers no support for this claim. Furthermore, plaintiff has not shown nor have we found in the record any violation of an applicable statute or regulation in the issuance of his general discharge.

Accordingly, plaintiff's motion for summary judgment is denied, defendant's cross-motion for summary judgment is granted, and plaintiff's petition is dismissed.