**Don W. FINN**

v.

**The UNITED STATES.**

**No. 323–75.**

United States Court of Claims.

Jan. 26, 1977.

.341

Charles M. Munnecke, Washington, D. C., atty. of record, for plaintiff; Thomas H. King, Washington, D. C., of counsel.

Robert M. Hollis, Washington, D. C., with whom was Asst. Atty. Gen. Rex E. Lee, Washington, D. C., for defendant.

Before SKELTON, NICHOLS and KUN-ZIG, Judges.

## ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS–MOTION FOR SUMMARY JUDGMENT

SKELTON, Judge:

Plaintiff is a former Naval aviator who sustained multiple injuries when he made a high speed, low altitude ejection from his aircraft on February 17, 1970. The injuries included total knee dislocations and a fracture of the left shoulder. Plaintiff was hospitalized at the Naval hospital in Corpus Christi, Texas from February 16, 1970, until October 2, 1970, and again from March 23, 1971, until May 12, 1971. During this period, plaintiff received three operations in an attempt to correct his injuries.

On October 2, 1970, a Naval Medical Board found plaintiff fit for limited duty for six months. This determination was reevaluated and affirmed by a subsequent board, which on May 21, 1971, found plaintiff again fit for only limited duty. A Physical Evaluation Board (PEB) found plaintiff to be disabled with a rating of 30 percent on July 23, 1971, based on the VA standard rating schedule for physical disabilities. This informal PEB also found plaintiff to be unfit for duty because of his disabilities.

A formal PEB hearing was held on September 8, 1971, as requested by plaintiff. This board recommended a 50 percent disability rating. After the filing of a rebuttal by plaintiff, the Physical Review Council (PRC) concurred with the formal PEB's finding of a 50 percent disability rating, and on December 23, 1971, plaintiff was placed on the Temporary Disability Retirement List (TDRL).

On November 11, 1972, plaintiff was rated by the Veterans' Administration with a 60 percent disability. Following this, plaintiff was examined twice by the Navy, in September 1973 and December 1974, to determine whether or not to retain him on the TDRL. After the December 1974 examination, an informal PEB convened on January 29, 1975, and reevaluated all of the conditions surrounding plaintiff's injuries and disabilities. This PEB found plaintiff to have a 30 percent disability and recommended that he be permanently retired. Plaintiff again requested a formal PEB, which was held on April 16, 1975. Plaintiff, represented by counsel, introduced reports of private medical examinations that had been conducted to determine his condition, one by Dr. Bray and the other by Dr. Dickson. The formal PEB also found plaintiff to be 30 percent disabled and also recommended permanent retirement. This was affirmed by the PRC on June 19, 1975, and on July 18, 1975, the Secretary of the Navy ordered plaintiff's name removed from the TDRL and further ordered that plaintiff be permanently retired with a 30 percent disability rating.

On September 2, 1975, without having applied to the Board for the Correction of Naval Records, plaintiff filed this suit de-

manding that his 30 percent disability rating be changed to a 60 percent rating. The case is before us on defendant's motion for summary judgment and plaintiff's cross-motion for summary judgment.

 The Secretaries of the various military departments have been granted discretion to determine whether a member of the armed forces is fit for duty and, if not, what percentage of disability the member may have. 10 U.S.C. § 1201 (1970). In view of this discretion, this court has often described the applicable standard of review relative to military disability retirement:

This court has held on many occasions that it has no power to review the decisions of the Secretary of one of the military departments or his authorized representatives in such a case unless the petitioner shows by cogent and clearly convincing evidence that such determinations are arbitrary, capricious, or not supported by substantial evidence. * * * [*Stephens v. United States,* 358 F.2d 951, 954, 174 Ct.Cl. 365, 371–72 (1966).]

*See also, Unterberg v. United States,* 412 F.2d 1341, 188 Ct.Cl. 994 (1969); *Merson v. United States,* 173 Ct.Cl. 92 (1965); *Furlong v. United States,* 153 Ct.Cl. 557 (1961); *Wales v. United States,* 130 F.Supp. 900, 132 Ct.Cl. 765 (1955). Thus, a determination by the Secretary that a plaintiff is entitled to a particular percentage disability or is fit for duty will not be overturned unless it was arbitrary or capricious or not supported by substantial evidence. Plaintiff here has failed to produce clear and convincing evidence to show that the military reviewing authorities' decisions were arbitrary or capricious or unsupported by substantial evidence. In fact, the only contrary evidence presented by plaintiff are the medical reports of two private physicians, Dr. Bray and Dr. Dickson. This court has repeatedly held that the presence of some evidence by a plaintiff that he should be given a certain disability rating, even though given by highly qualified physicians, is not enough when opposing evidence is substantial. *Cooper v. United States,* 178

Ct.Cl. 277 (1967); *Merson v. United States, supra; Boland v. United States,* 169 Ct.Cl. 145 (1965). A review of the administrative records before each of the Boards convened in this case shows that their decisions were based on substantial evidence. Furthermore, while the PEB of April 16, 1975, considered plaintiff's private doctors' reports, it apparently placed more weight on the report of the Naval examination of Dr. Janovich. Dr. Janovich's examination report provides substantial evidence to support the PEB's final decision, and the contrary opinions of the other doctors, even if wholly credible, are insufficient by themselves to warrant this court to overturn the PEB's determination. *See Cooper v. United States, supra,* and *Merson v. United States, supra.*

 Plaintiff asserts that the Navy was arbitrary or capricious in not following the VA's determination that plaintiff was entitled to at least a 60 percent disability. This, however, is an inadequate ground for this court to overturn the Navy's decisions. This court has stated that although the VA's determination of a plaintiff's condition may be relevant evidence, *Hutter v. United States,* 345 F.2d 828, 831, 170 Ct.Cl. 517, 522–23 (1965), it is in no way binding upon the court nor conclusive on the issue of disability retirement. *Unterberg v. United States, supra; Merson v. United States, supra; Stephens v. United States, supra.* This is especially true in the instant case where the VA's determination was based on a physical examination that was taken two years before the Navy's final examination of the plaintiff.

Plaintiff has failed in his burden to show by cogent and convincing evidence that the Secretary of the Navy acted arbitrarily or capriciously in permanently retiring plaintiff at a 30 percent disability or that the Secretary's decision was unsupported by substantial evidence. Accordingly, the defendant's motion for summary judgment is granted, the cross-motion for summary judgment of plaintiff is denied, and the plaintiff's petition is dismissed.