**Donald C. RUTHERFORD**

v.

**The UNITED STATES.**

No. 500–76.

United States Court of Claims.

April 19, 1978.

Penrose Lucas Albright, Arlington, Va., attorney of record, for plaintiff; Mason, Mason & Albright, Arlington, Va., of counsel.

Alan L. Ferber, Washington, D. C., with whom was Asst. Atty. Gen., Barbara Allen Babcock, Washington, D. C., for defendant.

Before DAVIS, KASHIWA and BENNETT, Judges.

ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT

KASHIWA, Judge:

Plaintiff, a former Naval Reserve Officer, requests in this case a change in his Naval disability rating from 20 percent to

at least 40 percent with concomitant disability retirement. The case is before this court on cross motions for summary judgment. There is no genuine issue as to any material fact. For the reasons hereafter stated, we hold in defendant's favor.

Plaintiff accepted an appointment as a reserve officer in the U. S. Navy in the grade of ensign on August 25, 1962. He was assigned to active duty and reported aboard ship on September 7, 1962. On November 5, 1962, he experienced what was termed a generalized convulsion on board ship. He was transferred to the U. S. Naval Hospital, Chelsea, Massachusetts, for evaluation, treatment, and disposition. There it was determined by Naval medical authorities that plaintiff's condition was within normal limits and that he was fit for duty. No further convulsive incidents occurred while petitioner was on active duty.[1] After completing approximately two years of active duty, plaintiff was released to inactive duty on August 13, 1964. At a physical examination preceding release to inactive duty, he was found "physically qualified to perform all the duties of his rank at sea and on foreign shore, and for release to inactive duty." Plaintiff then entered upon ready reserve duty. On October 16, 1971, a Dr. Lawrence W. Martin, at plaintiff's request, sent to the Commandant of the Eighth Naval District a description of plaintiff's psychological disorder and a request that plaintiff be transferred to a noncombatant position in the reserves or, if this were not possible, that plaintiff be considered for a medical disability discharge.

A medical examination of plaintiff was conducted by Navy doctors on October 16, 1971. It was determined by the Chief, Bureau of Medicine and Surgery, that plaintiff was not qualified for retention in the Naval Reserve due to convulsive disorder. By letter dated November 16, 1971, plaintiff was informed of this decision and of his right to appear before a Physical Evaluation Board. By telegram of November 30, 1971, plaintiff requested a Physical Evaluation Board to evaluate his physical fitness for continuation in the Naval Reserve. An informal Physical Evaluation Board determined plaintiff to be not physically qualified to serve in the Naval Reserve with no ratable disability. Plaintiff demanded a formal hearing to rebut the findings of the informal board and such a hearing was held on February 9, 1972. Plaintiff was represented by counsel. The formal Physical Evaluation Board also found that plaintiff was "not physically qualified for active duty in the U. S. Naval Reserve by reason of convulsive disorder, etiology undetermined." On February 25, 1972, the members of the Physical Review Council informed the Secretary of the Navy that they concurred in the findings of the formal Physical Evaluation Board and the Judge Advocate General concurred. Plaintiff was then informed of the March 20, 1972, decision of the Secretary of the Navy, concurring with and finalizing the Physical Evaluation Board decision. Plaintiff elected to maintain his position in the inactive Naval Reserve but was discharged as of June 30, 1972, by reason of two passovers for promotion.

Plaintiff applied to the Board for the Correction of Naval Records on April 22, 1974, contending that he should have been retired by reason of physical disability on August 13, 1964, based upon the civilian medical findings and on the rating awarded him by the Veterans Administration. Plaintiff's counsel at that time submitted a brief and supporting documents. Acting on the recommendation of the Bureau of Medicine and Surgery, the Board for the Correction of Naval Records on July 2, 1974, forwarded the matter to the Office of Naval Disability Evaluation for further review. That office concurred in a Physical Evaluation Board recommendation that plaintiff be granted a 20 percent disability rating as of August 13, 1964, and so informed the Board for the Correction of Naval Records

---

1. The record indicates that after leaving active duty plaintiff had further nocturnal seizures in April 1965, October 1965, and January 1966. After these seizures, plaintiff sought private medical treatment and was placed on an anticonvulsive medication. Since then, he has had no further seizures.

on August 6, 1974. Upon consideration, both the Physical Evaluation Board and the Physical Review Council reconfirmed their decision.

Plaintiff's counsel appeared before the Board for the Correction of Naval Records on November 25, 1974, and presented oral argument in support of plaintiff's application. The Board also considered plaintiff's Veterans Administration records. In its opinion, dated January 6, 1976, the Board recommended:

That Petitioner's naval record be corrected, where appropriate, to show:

a. That he was not released from active duty on 13 August 1964 and that he was not transferred to the U. S. Naval Reserve.

b. That he was not discharged from the naval service on 30 June 1972.

c. That the Secretary of the Navy on 13 August 1964, while Petitioner was entitled to receive basic pay, determined him unfit to perform the duties of his rank by reason of physical disability, incurred while entitled to receive basic pay by reason of Convulsive disorder, etiology undetermined and Explosive personality disorder, following convulsive disorder; that his disability is not due to intentional misconduct or willful neglect and was not incurred during a period of unauthorized absence; that his disability is considered to be the proximate result of the performance of active duty; that his disability is considered to be 20% in accordance with the Standard Schedule for Rating Disabilities in current use by the Veterans Administration Code Numbers:

VAC #8910—Convulsive disorder, etiology undetermined, . . . . . . . . . . 10%

VAC #9307—Explosive personality disorder, following convulsive disorder, . . . . . . . . . . . . . . . . . 10%

19 [sic] = 20%;

and that accepted medical principles indicate that his disability may be of a permanent nature, and therefore the Secretary of the Navy directed that he be discharged from the naval service by reason of physical disability with severance pay effective 13 August 1964 in the grade of Lieutenant (junior grade), USNR.

RECOMMENDATION:

The Board recommends that the Department of the Navy pay to Petitioner, or other proper party or parties, any monies lawfully found to be due as a result of the foregoing correction of naval record, less any monies paid by the Department of the Navy or the Veterans Administration in connection with his service-connected disability.

The findings of the Board were approved by the Secretary of the Navy and plaintiff was informed of the approval on January 15, 1976. Plaintiff was paid the monies that flowed from this decision.

By letter dated April 1, 1976, plaintiff requested that the Board reconsider its decision and take corrective action to "indicate that [plaintiff's] disability was at least 30% effective August 13, 1964." This request was denied by the Board. Plaintiff then filed his petition in this court.

■ In challenging the correctness of the Secretary of the Navy's determination concerning the percentage of disability, plaintiff assumes a difficult task. This court has stated

* * * on many occasions that it has no power to review the decisions of the Secretary of one of the military departments or his authorized representatives in such a case unless the petitioner shows by cogent and clearly convincing evidence that such determinations are arbitrary, capricious, or not supported by substantial evidence. * * * [*Stephens v. United States*, 358 F.2d 951, 954, 174 Ct.Cl. 365, 371–72 (1966).] [Cited with approval in *Finn v. United States*, 212 Ct.Cl. 353, 356, 548 F.2d 340, 342 (1977).]

*See also Unterberg v. United States*, 412 F.2d 1341, 188 Ct.Cl. 994 (1969); *Merson v. United States*, 173 Ct.Cl. 92 (1965); *Furlong v. United States*, 153 Ct.Cl. 557 (1961); *Wales v. United States*, 130 F.Supp. 900, 132 Ct.Cl. 765 (1955). To prevail, plaintiff must demonstrate "that the [service] personnel involved ignored relevant and competent evidence, that they unreasonably

construed the significant body of medical documents before them, or that in [some] other manner they failed to discharge their designated duties." *Stephens v. United States, supra,* 358 F.2d at 955, 174 Ct.Cl. at 373. Thus, a percentage disability determination of the Secretary of the Navy will not be overturned by this court unless it is arbitrary or capricious or not supported by substantial evidence. *Finn v. United States, supra,* 548 F.2d at 342, 212 Ct.Cl. at 356.

■ Plaintiff does not contend that the Navy officials who reviewed his case ignored relevant and competent evidence. Nor does the plaintiff allege that there were procedural irregularities in the review of his case. Plaintiff's contention is that when all the evidence is properly weighed, it is clear that the Navy officials unreasonably construed the significant body of medical and non-medical evidence before them in assigning plaintiff's explosive personality disorder a 10 percent disability rating (thus leaving him with a 20 percent disability rating for both his convulsive disorder and explosive personality disorder).[2]

We do not agree. After thoroughly examining the evidence which plaintiff put before the Naval authorities, we find that at most it presents some evidence that plaintiff should possibly be given a higher disability rating. This court has stated, however, "that the presence of some evidence by a plaintiff that he should be given a certain disability rating, even though given by highly qualified physicians, is not enough when opposing evidence is substantial." *Finn v. United States, supra,* 548 F.2d at 342, 212 Ct.Cl. at 356; *Cooper v. United States,* 178 Ct.Cl. 277 (1967); *Merson v. United States, supra.* Here, we believe there is opposing substantial evidence to support the Secretary of the Navy's decision and that this evidence is sufficiently substantial to withstand being overturned by the quantum of contrary evidence the plaintiff has presented. *Cf., Ward v. United States,* 178 Ct.Cl. 210 (1967).

■ Plaintiff also points to the 30 percent disability which the Veterans Administration assigned his explosive personality disorder to support his contention that this disability is more severe than the Navy concluded. It is well settled that a disability rating by the Veterans Administration "is in no way binding upon the court nor conclusive on the issue of disability retirement." *Finn v. United States, supra,* 548 F.2d at 342, 212 Ct.Cl. at 357; *Unterberg v. United States, supra; Williams v. United States,* 405 F.2d 890, 186 Ct.Cl. 611 (1969), *cert. denied,* 396 U.S. 966, 90 S.Ct. 447, 24 L.Ed.2d 432 (1969). Plaintiff's contention at oral argument that the Veterans Administration disability rating assigned to his explosive personality disorder be given greater weight raised a question as to what standard the Secretary of the Navy was bound to follow in rating plaintiff's disability (i. e., was the disability to be measured by the degree of impairment in plaintiff's ability to perform military tasks or by the degree of impairment in civilian employability). Supplemental briefs were requested on this point.

In the supplemental briefs plaintiff, after a full and careful review of the legislative history of the Career Compensation Act of 1949, concluded that the Secretary of the Navy has to follow the same standard in assigning disability ratings under the Career Compensation Act of 1949 as used by the Veterans Administration—namely, according to the degree of impairment in the individual's civilian employability. *See A Report and Recommendation for the Secretary of Defense* (Dec. 1948) (the Hook Report); *Career Compensation for the Uniformed Services: Hearings on H.R. 2553 Before the Subcommittee of the Committee on Armed Services,* 81st Cong., 1st Sess. 1971, 1972, 1986, 1987, and 1990–92 (1949); 95 Cong.Rec. 6547, 6561 (1949). In its reply brief, the defendant conceded that the plaintiff was correct in contending that the

---

2. Plaintiff does not challenge the 10 percent disability rating assigned his convulsive disorder.

standards followed by the Veterans Administration and the various Secretaries of the military were the same in this case. However, as pointed out by the defendant in its supplemental brief, the record before us contains no evidence indicating the Board for the Correction of Naval Records followed any other standard.[3] So we must assume they followed the correct standard. Further, even though the Secretary of the Navy and the Veterans Administration followed the same standard (degree of impairment in plaintiff's civilian employability) in rating plaintiff's disability, we do not find a lack of substantial evidence to support the Secretary of the Navy's rating. This is a case where there is evidence which could lead reasonable men to different conclusions as to the disability rating to be assigned to plaintiff's explosive disability disorder. One agency could well look at plaintiff's employment difficulties in later years (after August 1963) and conclude that these difficulties indicate plaintiff was definitely impaired as of August 13, 1964. Another agency may well conclude that plaintiff's employment difficulties in later years were due to a worsening of his condition rather than an indication of what his condition was in August 1964. In such circumstances, our review is limited to ensuring that the agency's decision under review is not arbitrary, capricious, or unsupported by substantial evidence. If the agency's conclusion is not arbitrary or capricious and is supported by substantial evidence, as we have found here, we must defer to the good faith exercise of discretion by the administrative tribunal.[4]

After the defendant filed its responding supplemental brief in this case, plaintiff moved for leave to file objections and a response to defendant's reply to plaintiff's supplemental brief. We feel further briefing in this case would be of no further aid and would result only in further delay in the disposition of this case.

### CONCLUSION

For the foregoing reasons, we grant defendant's motion for summary judgment and deny plaintiff's cross motion for summary judgment. Since we grant defendant's motion for summary judgment, we do not address defendant's contingent counterclaim for it has become moot. We also deny plaintiff's motion for leave to file objections and a response to defendant's reply to plaintiff's supplemental brief and we dismiss the petition.

---

3. In fact, plaintiff admits in his supplemental brief that the Board for the Correction of Naval Records followed the correct standard in this case. His contention is that the Board for the Correction of Naval Records misapplied the standard in this case.

4. Since we hold for the defendant on the merits, we do not address the issue of laches which defendant raised.