The plaintiff was discharged from the Navy for medical reasons during his first enlistment. He contends that the discharge was unjustified, and seeks back pay from the date *698 of discharge to the end of his term of enlistment. The defendant has moved for summary judgment, and the plaintiff, represented by counsel, has not responded. We grant the defendant’s motion and dismiss the petition.
The plaintiff enlisted in the United States Navy in November 1977. In February 1980, he went on sick call, complaining about constipation. He told the doctors about "hearing voices screaming at him, seeing through walls, having people who were not there talk about him and of talking of [sic] the president on television. He [also stated that he had] examined electronic gear to see if it controlled him.” The plaintiff revealed that his mother, father, sister, and aunt had had "mental hospitalizations.” He reported that he heard voices when no one was around first in kindergarten; this phenomenon continued intermittently throughout his life.
The plaintiff was diagnosed as suffering from "Chronic Undifferentiated Schizophrenia . . . which has been present for many years” — a condition which had become worse during military service but had not been aggravated by it. Plaintiff was found unfit for further military service. A medical board and, later, the Central Physical Evaluation Board concurred in these findings, and the plaintiff was discharged. The plaintiff did not seek relief from the Board for the Correction of Navsd Records, although he was informed of his right to do so.
The plaintiff asserts that this is an "action for breach of contract.” A claim for back pay, based upon an allegedly wrongful discharge from military service, however, arises not from contract but from the statutory right not to be wrongfully discharged. See United States, v. Larionoff, 431 U.S. 864, 869 (1977); Bell v. United States, 366 U.S. 393, 401-02 (1961); Jackson v. United States, 216 Ct. Cl. 25, 43-44, 573 F.2d 1189, 1198 (1978). Thus, the only issue is whether plaintiff was properly discharged as unfit for military service.
In order to prevail on that issue, the plaintiff must show "by cogent and clearly convincing evidence that such determinations are arbitrary, capricious, or not supported by substantial evidence.” Rutherford v. United States, 216 Ct. Cl. 163, 168-69, 573 F.2d 1224, 1226-27 (1978); Finn v. *699 United States, 212 Ct. Cl. 353, 356, 548 F.2d 340, 342 (1977). See also Frye v. United States, 210 Ct. Cl. 325, 328-29 (1976). The plaintiff has not made that showing.
Substantial, uncontradicated medical evidence in the record supports the finding that the plaintiff was unfit for military duty. Although the plaintiff alleges that the diagnosis of chronic undifferentiated schizophrenia was "incorrect, untrue and without adequate evidence to support it,” he provides no medical evidence to support that claim. Indeed, upon receipt of the report of the Central Physical Evaluation Board, the plaintiff responded: "I accept the findings that I am unfit for active duty.”
The defendant’s motion for summary judgment is granted, and the petition is dismissed.