**William O. MOORE, Jr.,**

v.

**The UNITED STATES.**

**No. 494–82C.**

United States Claims Court.

June 29, 1984.

Merlin H. Staring, Washington, D.C., for plaintiff.

Robert G. Giertz, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant.

## OPINION

MARGOLIS, Judge.

This military pay case is before this Court on cross motions for summary judgment with oral argument. On March 31, 1982, the Secretary of the Navy (Secretary) concurred with a finding that plaintiff William O. Moore, Jr. had cheated on an examination administered by the United States Marine Corps. As a result, the Secretary terminated plaintiff's temporary appointment as a lieutenant colonel in the Marine Corps, removed him from the promotion list for permanent appointment to that grade, and reverted him to his present position of major. Plaintiff argues that the Secretary's action was unlawful and brings this suit against the United States seeking 1) reinstatement to the grade of lieutenant colonel, 2) backpay (equal to the difference between the compensation he has received as a major and the compensation he would have received as a lieutenant colonel), and 3) correction of all applicable records.

Plaintiff alleges that the Secretary's action was arbitrary, capricious, and contrary to law. In support of this contention, plaintiff argues that 1) the Secretary failed to take cognizance of the conflicting evidence on the issue of whether or not plaintiff had cheated on the exam, 2) the Secretary issued no explanation for his action, and 3) the statutory time period in which to take such action expired before the Secretary acted and, therefore, plaintiff became a lieutenant colonel "by operation of law" on March 15, 1982—the day on which the alleged time period expired.[1]

The defendant argues that 1) the Secretary's action was based on substantial evidence that the plaintiff had cheated on the exam, 2) the Secretary need not give reasons for what was a lawful exercise of his discretion, and 3) there existed no time limit on the Secretary's action. The Court finds that the Secretary's action was neither arbitrary nor capricious, not in violation of any law or regulation and was instead based on substantial evidence. Therefore, the Court holds for the defendant.

## FACTS

On July 7, 1980, the plaintiff received a temporary appointment to the grade of lieutenant colonel in the United States Marine Corps, effective July 1, 1980. He was scheduled to receive a permanent appointment to that grade on September 15, 1981. Meanwhile, plaintiff undertook a course of study at the Marine Corps Development and Education Command College in Quantico, Virginia. On April 9, 1981, plaintiff's superiors at the college accused him of cheating on an examination administered by the college on March 25, 1981. The accusation was based on a number of similarities between his solution and an undistributed school solution. The director and staff of the college concluded that plaintiff had, without authorization, obtained and used the school solution in preparing his own. Plaintiff denied the allegation at that time and continues to deny it. Neverthe-

---

**1.** Originally, plaintiff had also argued that several events occurred during the administrative processing of his case that had violated his right to due process. However, plaintiff later withdrew this claim.

less, as a result of the alleged cheating, the Deputy Commanding General of the college terminated plaintiff from the school. In connection with that termination, plaintiff was issued an adverse and unsatisfactory officer fitness report for the entire period of his enrollment at the college.

By letter of June 11, 1981, the Commandant of the Marine Corps advised plaintiff that, because of plaintiff's unauthorized use of the school solution in preparing his own solution for a college marked requirement (graded examination), he intended to recommend to the Secretary of the Navy that the plaintiff's temporary appointment to lieutenant colonel be terminated and that he be removed from the promotion list for permanent appointment to that grade. In response, plaintiff requested a hearing before a Board of Officers. The Commandant granted that request, and the Secretary of the Navy authorized the holding of the plaintiff's permanent appointment in abeyance pending resolution of the matter.

The hearing before the Board of Officers was conducted on September 1, 2, and 3, 1981. The Board issued its report on September 23, 1981 finding that plaintiff had "knowingly and wrongfully used an undistributed and wrongfully acquired copy of the 'school solution' in his completion of the marked ... requirement." The Board recommended that plaintiff's temporary appointment to lieutenant colonel be terminated and that he be removed from the promotion list for permanent appointment to that grade.

On December 7, 1981, following a review of the plaintiff's case, the Commandant of the Marine Corps concurred with the Board's recommendation and added that "[t]he parallels between the two solutions are too numerous to be considered mere coincidence." He subsequently forwarded his own recommendation, the Board's recommendation, and the record in the plaintiff's case to the Secretary of the Navy. On March 31, 1982, the Secretary approved the recommendations, terminated plaintiff's temporary appointment as a lieutenant colonel, and ordered the removal of the plaintiff's name from the promotion list for permanent appointment to that grade. Effective April 1, 1982, plaintiff was reverted to the grade of major. Plaintiff brought the instant action on September 29, 1982.

DISCUSSION

■ This Court cannot overturn the decisions of military authorities in matters involving the promotion of officers unless such decisions are arbitrary, capricious, not based on substantial evidence, or contrary to applicable laws or regulations. *See, e.g., Grieg v. United States,* 226 Ct.Cl. 258, 269–71, 640 F.2d 1261, 1268–69 (1981), *cert. denied,* 455 U.S. 907, 102 S.Ct. 1251, 71 L.Ed.2d 444 (1982); *Skinner v. United States,* 219 Ct.Cl. 322, 332–33, 594 F.2d 824, 830 (1979); *Sanders v. United States,* 219 Ct.Cl. 285, 301–02, 594 F.2d 804, 813 (1979); *Boyd v. United States,* 207 Ct.Cl. 1, 8–9 (1975), *cert. denied,* 424 U.S. 911, 96 S.Ct. 1106, 47 L.Ed.2d 314 (1976); *Stephens v. United States,* 174 Ct.Cl. 365, 371–72, 358 F.2d 951, 955 (1966); *Brownfield v. United States,* 148 Ct.Cl. 411, 419 (1960).

■ Although the record in this case is devoid of any direct evidence that plaintiff had the unauthorized school solution during or before the examination, the Board of Officers did hear evidence showing that access to the solution was possible. More important, a comparison between the plaintiff's solution and the school's solution reveals striking similarities—not only in content, but also in syntax, sentence structure, and the order of paragraphs. Such a parallel continues throughout all three sections of the subjective essay examination, even though a different instructor authored each part. One of the most remarkable similarities involves the use of two terms that were misspelled in both the plaintiff's answer and the school answer. These two terms—"fortress body" and "barriers"— were misspellings of "fortress buoy" and "batteries" respectively.

At the Board of Officers' hearing, where the plaintiff was represented by both civilian and military counsel, plaintiff proffered testimony, exhibits, and arguments in

which he gave possible explanations as to how the similarities might have legitimately arisen. Neither the Board nor the Commandant, however, found these explanations credible. After a review of the school's solution, the plaintiff's solution, the transcript and exhibits from the hearing, the report of the Board of Officers, and a letter from the plaintiff's civilian counsel, the Commandant agreed with the Board's findings, concluding that "[t]he parallels between the two solutions are too numerous to be considered mere coincidence."

In making his final decision to terminate the plaintiff's temporary appointment and remove him from the promotion list, the Secretary had before him the report of the Board of Officers, the Commandant's forwarding endorsement, the forwarding endorsement of the Judge Advocate General of the Navy (in which the evidence and arguments presented at the hearing were well summarized), letters sent to the Commandant and the Secretary by plaintiff's civilian counsel, and the plaintiff's own letter to the Secretary. In light of the information contained in these documents, this Court cannot say that the Secretary's action was arbitrary or capricious. On the contrary, there existed substantial evidence from which the Secretary could have lawfully found that plaintiff had cheated on the exam. At the very least, it was a conclusion as to which reasonable minds might differ. In such a case, this Court cannot "second-guess" the military's administrative finding. *See Grieg v. United States*, 226 Ct.Cl. at 270, 640 F.2d at 1268.

█ Plaintiff alleges that the Secretary failed to take cognizance of the conflicting evidence in the case. This contention is mere speculation, however, and therefore lacks merit. Likewise, the plaintiff argues that because the Secretary gave no written explanation for his decision the Court need not accord it any weight. The plaintiff's argument is misplaced. The Secretary need not explain an action of the type involved in this case. The basic issue before the Secretary was essentially the factual one of whether or not the plaintiff had knowingly and without authority used the school solution. The Secretary had before him the extensive record as explained above. This Court must give deference to the Secretary's action unless it is shown to be arbitrary or capricious, not supported by substantial evidence, or contrary to law or regulation. Plaintiff has not met this burden. Plaintiff has made no showing that the Secretary either ignored or unreasonably construed any evidence, nor that he failed to properly discharge any of his designated duties. *Rutherford v. United States*, 216 Ct.Cl. 163, 169, 573 F.2d 1224, 1226–27 (1978).

Plaintiff further contends that the Defense Officer Personnel Management Act (DOPMA) applies to his case and places a limit of six months, from the day on which plaintiff would otherwise have been appointed, on any delay in promotion unless the Secretary specifies a further period of delay. 10 U.S.C. § 624(d)(4) (1982). Plaintiff, therefore, argues that because the Secretary did not specify any further period of delay after September 15, 1981 (the date on which plaintiff would otherwise have received his permanent appointment to lieutenant colonel), six months later, on March 15, 1982, plaintiff became a lieutenant colonel by operation of law. Thus, plaintiff argues, the Secretary's action on March 31, 1982, purporting to remove the plaintiff from the promotion list was legally ineffective since, by that time, plaintiff had already become a permanent lieutenant colonel. This Court disagrees.

A transitional provision of DOPMA, section 611(c)(2), 10 U.S.C. § 611 note at 95–96 (1982), provides that "[a]ny action to remove from a promotion list the name of an officer ... which was initiated before September 15, 1981 ... shall continue on and after such date as if such removal action had been initiated under section 629 of title 10...." Section 629 authorizes the President to "remove the name of any officer from a list of officers recommended for promotions...." 10 U.S.C. § 629(a) (1982).

There is no time limit within which the President must act under section 629.

 In a letter to the plaintiff dated June 11, 1981, the Commandant of the Marine Corps informed the plaintiff that he was recommending that the plaintiff's "temporary appointment be terminated" and that plaintiff's name "be removed from the promotion list in accordance with [10 U.S.C. § 5777 (1976)]." The referenced statute is the predecessor to section 629; it, too, authorized the President to remove the name of any officer from the promotion list, without time limit. After plaintiff requested a hearing, the Secretary, on August 10, 1981, informed him that his permanent appointment was "withheld temporarily, pending resolution of allegations of misconduct."

The Court finds that the action initiated by the Commandant was one to remove the plaintiff from the promotion list, and therefore section 629 applies. The Commandant's letter was clear, and the plaintiff understood it to mean that proceedings were being instituted against him to remove his name from the promotion list. *See* Plaintiff's Affidavit, Plaintiff's Motion for Summary Judgment at 9, 11. The mere fact that plaintiff was granted a hearing does not alter the nature of the action. Plaintiff's stake in the action was whether or not his name should be removed from the promotion list. Since the action was subject to section 629, the Secretary[2] did not act out of time when he removed the plaintiff's name from the promotion list six months and two weeks after the effective date of DOPMA.

### CONCLUSION

The Secretary's action was not arbitrary or capricious, was based on substantial evidence, and was not in violation of any law or regulation. Therefore, it is

ORDERED, that the defendant's motion for summary judgment is granted. Plaintiff's motion for summary judgment is denied. The complaint will be dismissed by the Clerk.

---

**2.** Service Secretaries have the authority to act on behalf of the President pursuant to this section. *See D'Arco v. United States,* 194 Ct.Cl. at 816, 441 F.2d at 1175; *Brownfield v. United States,* 148 Ct.Cl. at 416–17; Exec. Order No. 12,396, §§ 1(b), 3, 47 Fed.Reg. 55,897 (1982), *reprinted in* 3 U.S.C. § 301 app. at 374 (1982); Pub.L. 96–513, § 703, 10 U.S.C. § 101 app. at 18 (1982).