NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CESAR R. VAZQUEZ TORRES,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2024-1591

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-00085-SSS, Judge Stephen S. Schwartz.

---

Decided: October 11, 2024

---

CESAR R. VAZQUEZ TORRES, San Juan, PR, pro se.

MATTHEW PAUL ROCHE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY.

---

Before DYK, HUGHES, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Cesar R. Vazquez Torres, proceeding *pro se*, appeals a decision of the Court of Federal Claims ("Claims Court") granting in part the government's motion for judgment on the administrative record. The Army Board for Correction of Military Records ("ABCMR") found that Mr. Vazquez Torres was not entitled to medical retirement with disability pay that he claimed. Because the ABCMR decision was supported by substantial evidence, and the Claims Court committed no error in granting judgment on the administrative record, we *affirm*.

## BACKGROUND

Mr. Vazquez Torres enlisted in the Puerto Rico Army National Guard on October 3, 2011. S.A. 30.[1] On October 25, 2011, he reported for active duty training in Fort Leonard Wood, Missouri. *Id.* Shortly thereafter, Mr. Vazquez Torres was hospitalized due to suicidal ideation. S.A. 63. He "report[ed] seeing something like shadows and [was not] sure if they [were] really there." *Id.* He presented with a depressed mood and dysphoric affect. *Id.* On November 10, 2011, he was diagnosed with an adjustment disorder with mixed anxious and depressed mood. S.A. 35.

On November 15, 2011, an Entrance Physical Standards Board ("EPSBD") found that Mr. Vazquez Torres had a history of anxiety and depressive symptoms" that existed prior to service. S.A. 35. The EPSBD found that if the conditions had been "detected at the time of enlistment date, the[y] would have prevented enlistment in the military." S.A. 78. The EPSBD recommended that Mr. Vazquez Torres "be immediately removed from all training and physical training" and that "[h]e should be expeditiously

---

[1] We refer to the supplemental appendix filed with the government's informal response brief as "S.A." throughout this opinion.

separated from active duty as a result of not meeting the requirements of AR 40-501 (Standards of Medical Fitness), chapter 2-27, and in accordance with paragraph 5-11 of AR 635-200 [(Personnel Separations)]." S.A. 35–36. On November 28, 2011, Mr. Vazquez Torres "acknowledged that he was informed of the medical findings" and "concurred with the proceedings and requested to be discharged from the Army without delay." S.A. 32. Mr. Vazquez Torres received an "uncharacterized" discharge from active duty on December 5, 2011. S.A. 36.

In 2013, Mr. Vazquez Torres sought relief at the Army Discharge Review Board, arguing for an "upgrade of the characterization of his discharge and [a] change to the narrative reason for his discharge," so that he would receive medical retirement. S.A. 456. His request was denied. S.A. 457. He then sought relief at the ABCMR, but in 2017, 2019, and 2021, the ABCMR denied his requests. In 2021, the ABCMR concluded "relief was not warranted[,]" that his "medically unfit condition [was] not aggravated by his military service[,]" and that his service was properly rated as "uncharacterized." S.A. 38. He brought suit in the Claims Court seeking medical retirement, backpay from his date of discharge, and a promotion, arguing that the 2021 ABCMR decision was not supported by substantial evidence and was otherwise erroneous.

The Claims Court found that the ABCMR's decision to deny Mr. Vazquez Torres's request for medical retirement was supported by substantial evidence. S.A. 6. Furthermore, the Claims Court found any procedural error regarding whether Mr. Vazquez Torres should have received the benefit of a Medical Evaluation Board ("MEB") was harmless because the ABCMR decision considered the same evidence as would have been considered by an MEB. S.A. 7. Mr. Vazquez Torres voluntarily dismissed his remaining claims. S.A. 2.

This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

"We review a decision of the Claims Court 'granting or denying a motion for judgment on the administrative record without deference.'" *Bader v. United States*, 97 F.4th 904, 909 (Fed. Cir. 2024) (quoting *Barnick v. United States*, 591 F.3d 1372, 1377 (Fed. Cir. 2020)). We apply the same standard of review as the Claims Court, and relief from a Correction Board's decision will not be granted unless it is shown "by cogent and clearly convincing evidence that the [C]orrection [B]oard acted arbitrarily, capriciously, contrary to law, or that its determination was unsupported by substantial evidence." *Arens v. United States*, 969 F.2d 1034, 1037 (Fed. Cir. 1992).

On appeal, Mr. Vazquez Torres argues that he should have been granted medical retirement by the Army in 2011, entitling him to monetary relief. We agree with the Claims Court that the decision of the ABCMR was supported by substantial evidence. In 2021, the ABCMR thoroughly considered the evidence of record, including previous ABCMR findings, the determinations of the Army Discharge Review Board, and the medical advisory findings of an ABCMR Behavioral Health Advisor asked to review the case. S.A. 34–38. Specifically, Mr. Vazquez Torres was diagnosed with an adjustment disorder with mixed anxious and depressed mood just over two weeks after he reported for active duty. S.A. 30. The ABCMR reviewed his evaluation by the EPSBD and found "[t]here was compelling evidence to support a finding that he had a preexisting condition." S.A. 33. The ABCMR had earlier found that "the manifestation of a chronic disease from the date of entry into active military service (or so close to that date of entry that the disease could not have started in so short a period) was accepted as proof the disease existed prior to entrance into active military service." S.A. 32–33.

On this record, the ABCMR's decision is not arbitrary, capricious, unsupported by substantial evidence, or contrary to law.

Mr. Vazquez Torres also contends that he should have been referred to an MEB because he was found not to meet both procurement standards and retention standards and the MEB is the "only board authorized for duty related medical conditions that have been found to <u>NOT</u> meet medical retention standards[.]" Appellant's Inf. Br. 7 (emphasis in original). He contends that the failure of the EPSBD to refer him to a MEB makes any finding about his fitness arbitrary and capricious, a violation of army regulations, and a violation of his due process rights. Specifically, Mr. Vazquez Torres contends that the Army violated Army Regulation 40-501 (Standards of Medical Fitness) when it failed to refer him to a MEB or a Physical Evaluation Board ("PEB"). Appellant's Inf. Br. 8–9. Even assuming that Mr. Vazquez Torres's interpretation of the regulations is correct, his factual premise is not. There was no finding that he failed to meet the retention standards.

The EPSBD had the authority to process Mr. Vazquez Torres because of his failure to meet the procurement standards. Mr. Vazquez Torres was referred to an EPSBD upon the discovery of a medical condition, within his first 180 days of active duty, that would have precluded his enlistment in the military.

Finally, to the extent that Mr. Vazquez Torres argues that his award of service-connected disability benefits from the Department of Veterans Affairs ("VA") compels a different result here, the ABCMR is not bound by the findings of the VA. *See Hinkle v. United States*, 229 Ct. Cl. 801, 804–05 (Ct. Cl. 1982) ("Nor is the court or the [agency] bound by this decision of the Veterans Administration which operates under different laws and standards and for different purposes than the military when it comes to deciding disability entitlements.").

We have considered Mr. Vazquez Torres's remaining arguments and found them unpersuasive.

**AFFIRMED**

Costs

No costs.