Albert MORGAN, Jr., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 358–86C.

United States Claims Court.

Oct. 23, 1986.

Albert Morgan, Jr., pro se.

Stuart James, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant, Lt. Col. William C. Kirk and Captain Chester P. Beach, Jr., Dept. of the Army, Washington, D.C., of counsel.

### OPINION

NETTESHEIM, Judge.

This military disability case comes before the court on defendant's motion to dismiss or for summary judgment. Plaintiff has opposed. Because the matter has been decided on the merits, *see infra* note 2, the motion is deemed a summary judgment motion.

### FACTS

The following material facts are found based upon the documents submitted by the parties. Plaintiff served two years active duty in the United States Army from July 11, 1969, to July 12, 1971. In January 1971 plaintiff sought medical attention for pain in both knees. An initial military diagnosis, entered on plaintiff's record on February 23, 1971, suggested the possibility of arthritis. After plaintiff had been referred to an orthopedic clinic, a new finding of bilateral chrondromalacia patellae was profiled on April 19, 1971. Another orthopedic examination on June 11, 1971, qualified plaintiff for a medical discharge from the Army. Formal separation was consummated by a final separation examination on July 11, 1971, which found him medically qualified for separation.

Service disability benefits sought by plaintiff from the Veterans Administration (the "VA") were denied on November 8, 1971, based upon an examination conducted on October 12, 1971. The October 12 examination revealed "possible chrondromalacia of the patella bilaterally, not proven on x-ray or clinical examination." A second examination by the VA on May 24, 1973, confirmed that plaintiff had a "degenerative joint disease [in his] knees." Plaintiff's service-connected disability rating as of June 11, 1973, was zero percent.

A third evaluation by the VA on October 16, 1973, confirmed the presence of a degenerative joint disease in plaintiff's knees. However, no swelling was ascertainable. The later of subsequent VA ratings in February 1979 and March 1980 awarded 30 percent disability for sarcoidosis and 60 percent for sarcoid arthralgia (70 percent combined) as nonservice-connected ratings. Service-connected knee disability was rated zero percent.

Plaintiff appealed to the Board of Veterans Appeals (the "VA Board") on May 27, 1983, and obtained a service-connected knee disability rating of 10 percent. The finding was based upon the diagnosis of "degenerative joint disease, *i.e.*, arthritis," and x-ray evidence without any limitation of knee motion. In evaluating whether or not the disability was service-connected, the VA Board resolved the service origin

**90**

issue in favor of plaintiff based on a presumption embodied in 38 C.F.R. § 3.102 (1982).

In March 1984 plaintiff petitioned the Army Board for the Correction of Military Records (the "ABCMR") for an "adjustment in my medical condition diagnosed as degenerative arthritis, incorrectly, to the correct diagnosis of sarcoid arthritis." (In fact, plaintiff never had been diagnosed by the military as having degenerative arthritis.)[1] Plaintiff proffered the opinions of three VA physicians, visited during August 1979 and July 1980, for support that his sarcoidosis condition likely was related to his knee problems during active duty eight years earlier. The decision of the VA Board was also submitted. The ABCMR requested an opinion from the Surgeon General, who responded that the term degenerative arthritis did not appear in plaintiff's medical record before his separation from active military duty. Additionally, the Surgeon General stated that no evidence of sarcoidosis appeared in plaintiff's military records. On January 9, 1985, the ABCMR denied plaintiff's claim, *inter alia,* because plaintiff failed to present probative medical evidence that he had such a condition while he was in the Army.

After an inquiry by plaintiff's congressman, the ABCMR asked for another advisory opinion from the Surgeon General. A June 14, 1985 opinion stated that the term "degenerative arthritis" did not appear in plaintiff's military records and that the term bilateral chrondromalacia patellae did not "necessarily indicate the presence of degenerative arthritis." The Surgeon General also stated that "[s]arcoid arthritis is usually in the form of an ... inflammatory condition and is not primarily related to the patello-femoral joint...." Without the submission of new evidence, the ABCMR determined on June 28, 1985, that a rehearing was unnecessary. Plaintiff commenced suit in this court on June 6, 1986.

## DISCUSSION

■ Determinations by the ABCMR are entitled to deference. The standard of review regarding ABCMR medical disability decisions is limited to determining whether the final action is clearly arbitrary, capricious, not supported by substantial evidence or contrary to applicable law and regulations. *E.g., Haldane v. United States,* 1 Cl.Ct. 691, 693 (1983) (citing cases); *see also Heisig v. United States,* 719 F.2d 1153, 1156 (Fed.Cir.1983).

■ Medical examinations conducted by military personnel carry a presumption of reliability. *Crispino v. United States,* 3 Cl.Ct. 306, 312 (1983). In reaching a final determination, the ABCMR also may rely upon the expertise of the Surgeon General's consultant staff as expressed in an advisory opinion. *Armstrong v. United States,* 205 Ct.Cl. 754, 764 (1974); *Merson v. United States,* 173 Ct.Cl. 92, 98 (1965). In this case the ABCMR reviewed plaintiff's military record based upon guidance provided by the Surgeon General. The record before the ABCMR contains numerous medical evaluations covering a period of approximately six months. Two Surgeon General opinions, one before and one after final disposition, were requested. The Surgeon General reported that the term "degenerative arthritis" was not present in plaintiff's records and that the diagnosis of bilateral chrondromalacia patellae indicated a degenerative arthritis condition.

■ Plaintiff submitted opinions by his nonmilitary physicians to the ABCMR. The strongest opinion, which need not be considered because it was not submitted to the ABCMR, reasons that because plaintiff was diagnosed as having arthritis, which was later diagnosed as due to sarcoidosis, "[i]t therefore stands to reason that the sarcoidosis existed while he was in the service ... [because] sarcoidosis is the etiology for the arthritis." The medical records during plaintiff's service, however, do not report a diagnosis of arthritis once plaintiff

---

1. To the extent that plaintiff seeks review of the VA Board's 1983 determination that he has de-

generative arthritis, review is precluded by 38 U.S.C. § 211(a) (1982).

was examined by an orthopedist for the purpose of ascertaining whether he had arthritis. Nor do the medical records developed while plaintiff was in the military report evidence of sarcoidosis, because no swelling was noted. Military medical examinations are entitled to more weight than later evaluations, *see Haldane,* 1 Cl.Ct. at 693 (citing *Finn v. United States,* 212 Cl.Ct. 353, 356, 548 F.2d 340, 342 (1977)), and the ABCMR may presume that the military examinations were executed properly. *Crispino v. United States,* 3 Cl.Ct. at 312.

It is true that once the VA took a bone scan of plaintiff in 1979, it confirmed a diagnosis of sarcoidosis with joint involvement. From this plaintiff argues that a bone scan should have been taken in 1971. The Surgeon General responded that x-rays would have detected degenerative arthritis and that x-rays taken before plaintiff left the service and in intervening years before the 1979 diagnosis showed no degenerative arthritis.

Plaintiff also relies upon the medical finding by the VA. The court cannot review VA disability determinations. 38 U.S.C. § 211(a) (1982). Although the VA did grant plaintiff a 10 percent service-related disability rating for his knees, no factual finding was generated to support the causation. The VA decision resolved the service origin issue as a matter of law based on 38 C.F.R. § 3.102 (1982), requiring that a reasonable doubt regarding service origin will be resolved in favor of the claimant. Since the rating was based upon

a legal premise not binding upon the ABCMR, it was not unreasonable for the ABCMR to reach a different conclusion based upon its own analysis.[2]

## CONCLUSION

In these circumstances plaintiff has not shown that the ABCMR's determination should be rejected. Based on the foregoing, defendant's motion for summary judgment is granted. The Clerk of the Court shall dismiss the complaint.

IT IS SO ORDERED.

No costs.

---

2. Defendant's arguments grounded on the statute of limitations and laches are rejected summarily. *Friedman v. United States,* 159 Ct.Cl. 1, 310 F.2d 381 (1982), *cert. denied,* 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963), gears the commencement of the six-year limitations period to review by a corrections board if that board is the first medical review board to act on a disability claim. If a serviceman is "sufficiently alerted to the possible existence of a disability" to require a Retiring Board, the statute will be deemed to run once that decision is rendered. 159 Ct.Cl. at 35, 310 F.2d at 402. This does not mean, as defendant urges, that the statute runs earlier for alert persons, aware that they have an infirmity, who do not request a

medical review board. As for laches, *Friedman* wisely relegates its role to the board proceedings, observing: "[I]n cases in which the lapse of time puts the Government at too great a disadvantage in its proof before the Correction Board (or in this court) a rejection of the claim by the Board may well not be arbitrary in view of the difficulties of proof due to the passage of years." *Id.* 159 Ct.Cl. at 34, 310 F.2d at 401. Since the suit was commenced within a year after the ABCMR's decision and plaintiff went to the ABCMR almost 13 years after his discharge, the board is presumed to have considered the adverse impact of plaintiff's delay on the proof presented to it.