**Michael W. BEASLEY, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 611–89 C.**

United States Claims Court.

Aug. 9, 1990.

Mark L. Finlayson, Colorado Springs, Colo., for plaintiff.

Scott Ray, Washington, D.C., with whom was Stuart M. Gerson, Asst. Atty. Gen., for defendant.

## OPINION

RADER, Judge.

Plaintiff, Michael Beasley, was an active duty dentist in the United States Air Force (USAF). USAF discharged him in March 1988 Under Other Than Honorable Conditions after a Board of Inquiry convened to investigate recurring misconduct, which involved acts of sexual perversion.

In 1988, plaintiff petitioned the Air Force Board for Correction of Military Records (BCMR or Board) for reinstatement with full back pay and allowances. On October 11, 1989, the BCMR denied Major Beasley's petition. The BCMR found no errors in the discharge proceeding.

Plaintiff now challenges the BCMR's conclusion. Specifically, he alleges that the Board violated Air Force Regulations (AFR) 36–2 and 11–31. Defendant moves for summary judgment and plaintiff cross-moves for partial summary judgment. After oral argument, this court finds that the BCMR decision was based on substantial evidence.

## FACTS

On November 4, 1985, USAF convened a General Court Martial against Major Michael Beasley, who faced seven counts of sexual perversion. Plaintiff was found not guilty of six separate sexual perversion charges. However, he was found guilty of "[c]ommit[ting] indecent assaults upon ... a person not his wife.... on the pretext of giving her a gynecological examination...." Administrative Record, Defendant's Brief, No. 611–89 C, filed Feb. 9, 1989, Appendix (App.) B, at 7.

On July 10, 1986, after plaintiff spent approximately 200 days in jail, the Air Force Court of Military Review set aside the guilty verdict. App. B, at 7. On September 15, 1986, the Commander of the Lowry Air Force Base Technical Training Center (LTTC) recommended administrative discharge of plaintiff under AFR 36–2 for misconduct and moral and professional dereliction. The discharge recommendation listed ten incidents of alleged misconduct. His earlier court-marital had acquitted plaintiff of four of the ten incidents. Plaintiff's Complaint (Complaint), filed November 9, 1989, ¶ 7.

On September 15, 1986, the LTTC Staff Judge Advocate also recommended discharge. On May 19, 1987, the Headquarters Air Training Command Chief of Military Affairs reviewed plaintiff's case and also found sufficient grounds to proceed with the discharge hearings.

From November 9–12, 1987, a Board of Inquiry convened at Lowry AFB to consider these recommendations. Plaintiff objected to the admission of allegations which the USAF unsuccessfully adjudicated at his prior court martial. Specifically, Major Beasley claimed that relitigating these allegations violated AFR 36–2, ¶ 3–3, which states:

Action under this regulation should not be used as an expedient to separate the officer when charges against the officer have been effected to the satisfaction of a competent court. For example, when an officer has been acquitted by a civil-

ian or military court, the case should not, as a rule, be processed under this regulation for the same offenses. However, if there is substantive information not available, at the time of trial, or when the court action was terminated for a reason not going to the guilt or innocence of the respondent, action under this regulation may be initiated.

AFR 36–2, ¶ 3–3.

The Board rejected plaintiff's contention. The Board instead concluded that evidence about these incidents was "not available at the time of trial." The Board therefore admitted the evidence because it fell within the exception in AFR 36–2. Specifically, the Board admitted as previously unavailable a confession of Major Beasley,[1] and evidence of misconduct involving a newly discovered witness, Mrs. C.M.B.[2]

From November 9–12, 1987, the Board of Inquiry found that Major Beasley committed serious or recurring misconduct, including sexual perversion. The Board recommended an Under Other Than Honorable Conditions Discharge. The Board specifically found:

1. He did, on or about February 24, 1984, at Lackland Air Force Base, Texas, commit an indecent assault upon Mrs. [C.M.B.] by performing an unnecessary gynecological examination on her without a chaperon present.

2. He did not on or about February 25, 1984 at Lackland Air Force Base, Texas, commit an indecent assault upon SSgt [L'O.]....

3. He did not on divers occasions between on or about March 24, 1984 and on or about April 15, 1984 at Lackland Air Force Base, Texas, commit indecent assaults upon Mrs. [M.]....

4. He did sometime during May to July of 1984 at Lackland Air Force Base, Texas, commit an indecent assault upon Sgt [B.] during an unchaperoned occasion by sedating or anesthetizing her unnecessarily without proper authorization or professional supervision, and taking unauthorized and unnecessary photographs of her pubic area.

5. He did on or about November 5, 1984 at Lackland Air Force Base, Texas, commit an indecent assault upon Ms. [K.] on an unchaperoned occasion by sedating or anesthetizing her unnecessarily and without proper authorization or professional supervision disrobing her and taking photographs of her breasts and pubic areas.

6. He did on or about December 1984 at Lackland Air Force Base, Texas, attempt to take indecent liberties with Ms. [C.] by taking Ms. [C.] from her hospital room to the oral surgery area and without a chaperon present attempt to sedate or anesthetize her unnecessarily in order to take photographs of her breasts and pubic area.

7. He did between November 1984 and December 1984 at Lackland Air Force Base, Texas, commit an indecent assault upon an unidentified female inpatient from Austin, Texas, by sedating or anesthetizing her unnecessarily and without proper authorization or professional supervision, disrobing her and taking unauthorized photographs of her breasts and pubic area.

8. He did on or about May 9, 1985, at Lackland Air Force Base, Texas, willfully damage military property of the United States by throwing an oak table into a wall.

9. He did on or about January 23, 1985 at Lackland Air Force Base, Texas, attempt to wrongfully use government property or resources for his personal use by submitting a request to the Wilford Hall Medical Center medical photography section to have the medical photography section develop film which contained nude pictures of females.

---

1. Pursuant to Air Force Regulations (AFR) 11–31, ¶ 3a(2), a confession is admissible in an administrative setting, even if Article 31 rights have not been read, as long as the confession was voluntary. The legal advisor to the discharge board admitted the confession after hearing testimony from the parties. Administrative Record, Defendant's Brief, No. 611–89C, filed Feb. 9, 1989, Appendix (App.) A, at 90.

2. This court employs only initials to identify some witnesses.

10. He did between on or about March 1985 and on or about April 1985 at Lackland Air Force Base, Texas, wrongfully utter death threats against Colonel Sanders and the senior oral surgery residents then assigned to Wilford Hall Medical Center, Lackland Air Force Base, Texas.

App. A, at 331–33; App. B, at 8–9.

On March 9, 1988, the Secretary of the Air Force reviewed the Inquiry Board's action and ordered plaintiff's discharge Under Other Than Honorable Conditions, effective March 23, 1988. On October 11, 1989, BCMR denied plaintiff's petition for reinstatement. BCMR concluded that "the evidence presented did not demonstrate the existence of probable material error or injustice." The Board also found no errors in the discharge proceeding.

Plaintiff challenges USAF action on three grounds. First, plaintiff argues that USAF violated AFR 36–2 by hearing allegations that were the subject of acquittal in a prior court martial proceeding. Second, plaintiff charges that the Board wrongfully admitted his confession into evidence. Finally, plaintiff contends that the Board erroneously admitted into evidence the statement of a witness—Ms. M.—who was not available for examination at the Board proceedings. USAF used Ms. M.'s statement to support Statement of Reasons No. 3.

## DISCUSSION

In the absence of factual disputes, RUSCC 56 authorizes this court to resolve issues as a matter of law. *D.L. Auld Co. v. Chroma Graphics Corp.*, 714 F.2d 1144 (Fed.Cir.1983). The movant for summary judgment must prove both the absence of factual disputes and entitlement to judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). A motion for summary judgment does not enable a trial court to evaluate independently the evidence. Rather, the judge must "determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

The parties agree that summary judgment is appropriate in this case. Plaintiff, however, has not shown that the BCMR decision was arbitrary and capricious. Defendant has shown entitlement to judgment as a matter of law.

### Standard of Review

The Claims Court's predecessor clearly set forth the applicable standard of review where plaintiff seeks relief from a decision of the BCMR:

Once a plaintiff has sought relief from the Correction Board, such plaintiff is bound by that board's determination unless he can meet the difficult standard of proof that the Correction Board's decision was illegal because it was arbitrary, or capricious ... or unsupported by substantial evidence ... or contrary to law, regulation, or mandatory published procedure....

*Sanders v. United States*, 219 Ct.Cl. 285, 298, 594 F.2d 804, 811 (1979); *see also, Chappell v. Wallace*, 462 U.S. 296, 303, 103 S.Ct. 2362, 2367, 76 L.Ed.2d 586 (1983); *Wronke v. Marsh*, 787 F.2d 1569, 1576 (Fed.Cir.), *cert. denied*, 479 U.S. 853, 107 S.Ct. 188, 93 L.Ed.2d 121 (1986); *Morgan v. United States*, 11 Cl.Ct. 88, 90 (1986), *aff'd.*, 824 F.2d 979 (Fed.Cir.1987). For plaintiff to prevail, he must "overcome the strong, but rebuttable, presumption that administrators of the military, like other public officers, discharge their duties correctly, and in good faith." *Sanders*, 594 F.2d at 811.

Plaintiff must show that the decision was arbitrary and capricious or based on insubstantial evidence. *Cooper v. United States*, 203 Ct.Cl. 300, 304–05 (1973). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

The primary duty to correct military records lies with the BCMR. *Hoffman v. United States*, 16 Cl.Ct. 406, 409 (1989), citing *Sanders*, 594 F.2d at 814. In

fact, judicial deference "must be 'at its apogee' in matters pertaining to the military and national defense." *Voge v. United States*, 844 F.2d 776, 779 (Fed.Cir.1988), quoting *Rostker v. Goldberg*, 453 U.S. 57, 70, 101 S.Ct. 2646, 2654, 69 L.Ed.2d 478 (1981). If "reasonable minds might reach differing conclusions, the court will not sit as a super correction board and substitute its judgment for that of the correction boards." *Hoffman*, 16 Cl.Ct. at 409. Thus, if the Board had sufficient evidence to reach its conclusion, then it did not act arbitrarily and capriciously. *O'Neil v. United States*, 6 Cl.Ct. 317, 320 (1984).

### Availability of New Evidence: AFR 36–2

Plaintiff first contends that the Statement of Reasons for discharge contained inadmissable evidence under AFR 36–2. If the BCMR violated AFR 36–2, its decision is illegal and arbitrary. In this case, however, the Board's interpretation is reasonable. The Board admitted evidence which was not available at the time of the court martial. Thus, the Board complied with AFR 36–2.

■ Plaintiff argues that AFR 36–2 precludes the Discharge Board's consideration of four incidents of which he had been previously acquitted. In pertinent part, AFR 36–2 provides:

[W]hen an officer has been acquitted by a civilian or military court, the case should not, as a rule, be processed under this regulation for the same offenses. However, if there is substantive information not available at the time of trial ... the action under this regulation may be initiated.

AFR 36–2, ¶ 3–3.

BCMR determined that the contested incidents fell under AFR's previously unavailable exception. Specifically, BCMR found that this evidence was unavailable at the court martial. This conclusion was not arbitrary and capricious.

■ Plaintiff also contends that BCMR wrongfully considered plaintiff's confession. At plaintiff's court martial, the prosecution did not proffer the confession as evidence because USAF obtained the statement before reading Major Beasley his Article 31 rights. Plaintiff now asserts that defendant cannot identify the confession as previously unavailable. Because the court martial did not find the confession inadmissible, plaintiff argues that the confession was not necessarily unavailable.

Colonel Sanders, the officer to whom Major Beasley first confessed, failed to read plaintiff his Article 31 rights. This inadvertence clearly precluded admission of the confession during plaintiff's court martial. This court acknowledges that violation of AFR 11–31 rendered plaintiff's confession inadmissible during the court martial. Because inadmissible, the confession was, by operation of law and AFR 11–31, unavailable at the time of that earlier proceeding. Therefore, the confession falls within the AFR 36–2 exception for previously unavailable evidence.

■ BCMR could also use those aspects of plaintiff's confession offered freely after the Office of Strategic Intelligence (OSI) properly advised him of his rights. Plaintiff argues that his first improperly obtained confession tainted later confessions. *United States v. Terrell*, 5 M.J. 726 (ACMR 1978); *United States v. Seay*, 1 M.J. 201 (CMA 1975); *United States v. Butner*, 15 M.J. 139 (CMA 1983). This rule applies to court martial proceedings. AFR 11–31, however, distinguishes between administrative proceedings and court martials. AFR 11–31 explicitly provides that administrative hearing officers may consider a statement taken in violation of Article 31 rights. Thus, while Colonel Sanders' failure to advise plaintiff fully of his rights would render Beasley's later confession to OSI inadmissible at a court martial, the confession was admissable in the discharge proceeding.

■ The Board also properly considered Mrs. C.M.B.'s testimony. Mrs. C.M.B. did not come forward with new allegations against Beasley until after the court-martial proceedings. Thus, her testimony also falls within the unavailability exception of AFR 36–2.

To support its contention that the Board's conclusions were not arbitrary and

capricious, defendant refers to the advisory opinions on which the BCMR relied. Specifically, the Board considered two legal reviews and one advisory opinion in making its decision. The Lowry Technical Center legal sufficiency review stated that:

> In the instant case, a great deal of information, including the surface of a new alleged victim, as well as respondent's confession not available for use at trial, now are accessible for use at an AFR 36–2 proceeding. Thus, we believe paragraph 3–3 can and should be read as permitting this action to proceed utilizing all allegations listed in the Letter of Notification.

App. A, at 15–16.

The Legal Advisor did not expressly determine that the challenged allegations were admissable, as defendants allege in their motion for summary judgment. Rather, the Legal Advisor simply had no authority to dismiss any individual allegations at that phase of the proceedings. Both parties recognized this limitation, App. A, at 36, 38, 294, which the Board affirmed.

BCMR similarly considered the legal review of Headquarters Air Training Command. Headquarters concluded that the Board's consideration of allegations which were the subject of acquittal did not violate AFR 36–2, ¶ 3–3. The legal review stated that the Secretary of the Air Force considered the discharge action and determined that the general rule of AFR 36–2 did not apply. The review continued:

> There is evidence of Major Beasley's misconduct, not available at trial, which clearly indicates he did commit some of the acts alleged and certainly shows a "modus operandi" relevant to the credibility of statements of other victims. It's the most compelling and convincing evidence of all—Major Beasley's admission.
>
> . . . .
>
> There is new evidence of additional prior misconduct as evidenced by the statements provided by Mrs. [C.M.B.].

App. A, at 13.

Finally, the Board requested an advisory opinion from the General Law Division of the Office of the Judge Advocate General of the Air Force. The Judge Advocate agreed that Beasley's confession was unavailable due to its inadmissability at the court martial. Further, the Judge Advocate noted that the testimony of the newly available witness was unavailable evidence.

■ Thus, three other legal analyses reached the same conclusion that BCMR properly considered the evidence in the administrative proceeding. The BCMR properly may rely on these advisory opinions. *Armstrong v. United States*, 205 Ct.Cl. 754, 764 (1974). These unanimous analyses underscore the reasonable basis for BCMR's actions.

In view of the Board's independent reasoning and the tenor of several advisory opinions, BCMR acted reasonably in admitting previously unavailable evidence. BCMR did not violate AFR 36–2. Rather BCMR obeyed the language and intent of AFR 36–2.

### Involuntariness of Plaintiff's Confession: AFR 11–31

Plaintiff contends that his confession was involuntary and therefore inadmissible at the discharge proceeding. Plaintiff argues, however, that his confession was involuntary because he made it under the impression that Colonel Sanders offered an implied promise of immunity. Beasley refers to Colonel Sanders' remarks that General Vandenbos, their superior officer, was upset and wanted the matter resolved. App. A, at 72. Plaintiff also relies on a conversation between Colonel Sanders and Mrs. Beasley, plaintiff's wife, where Sanders said "he wanted Mike to tell everything he knew and he felt like everything would be cleared up." Plaintiff's Brief, No. 611–89C, filed Mar. 28, 1990, at 24; App. A, at 70–71.

■ AFR 11–31 states:

A confession or admission by a respondent that was involuntarily made is inadmissible [under Article 31]. However, the fact that respondent was not advised

pursuant to Article 31, UCMJ ... before a confession or admission does not necessarily make the admission or confession inadmissible [for an administrative hearing].

AFR 11–31, ¶ 3a(2). Generally, a statement is voluntary when obtained without threats, promises, deception, unlawful influence, or inducement. *Garrity v. New Jersey*, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967). The record in this case shows no use of threats, force or deception.

Plaintiff's contention that he acted under an implied promise of immunity has no merit. Major Beasley never testified in any of the prior proceedings that Colonel Sanders made express promises or implied promises other than his desire to avoid a scandal and resolve the matter quickly. In fact, Beasley recognizes that he simply inferred the promises. Even Major Beasley perceived no express promises, but only "gray areas" that he thought might imply a promise of immunity. App. A, at 71, 77. He further stated: "Indeed it was represented to me or in my state of mind I chose to believe from everything that had happened...." App. A, at 74. Plaintiff similarly admits that his understanding of immunity was a manifestation of "the mental set that [he] was operating under." App. A, at 71. Thus, Major Beasley grasped at the hope that everything would pass without any unfortunate discharge proceedings. By urging plaintiff to tell the truth, Colonel Sanders did not improperly deceive or mislead Major Beasley.

█ USAF offered no implied or express promise of immunity. Colonel Sanders had no authority to make such a promise, and he further denied making any promises. App. A, at 622, 623. None of the remarks cited by plaintiff hold any promise of immunity, mention the word "immunity," or otherwise suggest avoidance of prosecution.

Indeed when plaintiff appeared at OSI to make a statement, he did not even allude to a deal or a promise of immunity. The OSI officer who took Major Beasley's statement testified that he was under no impression that plaintiff and USAF had made a deal, or that Major Beasley made his statement under any unusual circumstances or with any special conditions. App. A, at 66. Beasley's confession was voluntary. In fact, plaintiff refused OSI's offer to postpone the interview so that counsel could be present. Instead plaintiff freely stated that he would prefer to continue issuing his statement rather than wait for counsel.

Citing *Cooke v. Orser*, 12 M.J. 335 (CMA 1982), plaintiff contends that this court can enforce immunity if USAF officials made an appropriate authorization. That doctrine, however, does not apply in this case. Colonel Sanders had no authority to make any promise of immunity. For still other reasons, the *Cooke* doctrine does not apply. In *Cooke*, the OSI officer who took plaintiff's statement gave assurances to counsel that USAF would not prosecute plaintiff if he passed a polygraph test and made a full disclosure. The OSI agent and the Staff Judge Advocate in *Cooke* both knew of the plaintiff's reliance on this promise. These officers in *Cooke* did nothing to clarify plaintiff's misimpression, that they had authority to make such a promise. Here, however, the Air Force made no such assurances. Nor were any Air Force or OSI officials aware of plaintiff's impression of any such promise. Thus, the Board properly concluded that plaintiff's confession was voluntary and that there was no express or implied promise of immunity.

### *Statement of Reasons No. 3—Assault Upon Ms. M.*

█ Plaintiff contends that the Legal Advisor violated AFR 11–31, ¶ 3a(4) because he admitted into evidence the statement of Ms. M., a witness who was not available for cross-examination. AFR 11–31, ¶ 3a(4) states:

> Hearsay evidence is admissable provided the Legal Advisor determines that there is adequate safeguard for truth.

Specifically, the Board agreed with the Judge Advocate's opinion, which reasoned:

> Significantly, the members of the board did not find the allegation which was dependent on this evidence, Statement of Reason Number 3, to have occurred.

Consequently, any issue regarding the legal advisor's decision to admit this evidence was rendered moot.

App. B, at 49.

Plaintiff contends that the Legal Advisor made no finding that there were adequate safeguards for ascertaining the truth of the hearsay statement. However, the regulation does not require an explicit finding. The Legal Advisor need only "determine" that there are adequate safeguards for truth. By admitting the statement, the Legal Advisor made such a determination. App. A, at 90.

 More importantly, however, plaintiff cannot contend that the admission of this statement amounts to an error so grave that this court should vacate the Board's decision. The BCMR did not base its decision on the incident involving Mrs. M. Rather, the Board did not rely on Mrs. M.'s testimony at all. The admission of Ms. M.'s statement was not a factor which contributed to the discharge of Major Beasley because the Board found that he was not guilty of this allegation.

*Statement of Reasons No. 2—SSgt. L'O. Allegations*

Plaintiff claims that the Board's consideration of Sergeant L'O.'s allegations violated AFR 36–2. Specifically, plaintiff claims that Statement of Reasons No. 2 does not fall within the "unavailable evidence" exception of AFR 36–2.

Plaintiff's argument is irrelevant. The Board found him not guilty of this charge. If plaintiff was found not guilty of Statement of Reasons No. 2, the allegations contained therein could not have led to the conclusion which plaintiff now challenges.

## CONCLUSION

The record in this case does not disclose errors or injustices. The Board's decision was not arbitrary and capricious, but was based on substantial evidence. Concerning Statement of Reasons No. 1, the Board appropriately relied on the testimony of Mrs. C.M.B. To support Statements of Reasons Nos. 4, 5, and 7, the Board had the

photographs and Major Beasley's confession. Statement of Reasons No. 6 found adequate support in the statement of the alleged victim and Major Beasley's confession. Plaintiff also confessed to Statement of Reasons Nos. 8 and 9. Major Timothy Newland testified competently about the allegations in Statement of Reasons No. 10.

In sum, the Board acted reasonably in finding substantial evidence to discharge Major Beasley. This court grants defendant's motion for summary judgment, denies plaintiff's cross-motion for partial summary judgment, and directs the Clerk of the court to dismiss plaintiff's complaint.

No costs.